UNITED STATES, Appellee,

v.

Private E–2 Erling J. FOUST,
204–44–9957, United States
Army, Appellant.

ACMR 8601379.

U.S. Army Court of Military Review.

20 Nov. 1987.

For Appellant: Lieutenant Colonel James R. Anthony, JAGC, USAR, Captain Kathleen A. Vanderboom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Thomas E. Booth, JAGC, USAR, Captain Gary L. Hausken, JAGC, Captain Patrick A. Hewitt, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

HOLDAWAY, Chief Judge:

Appellant was tried on 11 December 1986 by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of violating a lawful general regulation by wrongfully operating a privately-owned vehicle without a valid USAREUR POV (U.S. Army Europe Privately–Owned Vehicle) operator's license in his possession, wrongful use of marijuana, and wrongful appropriation. He was sentenced to a bad-conduct discharge, confinement for eight months, forfeiture of all pay and allowances and reduction to Private E–1. The convening authority approved the sentence.

Appellant alleges that the military judge had a duty, *sua sponte*, to assure appellant's understanding of the meaning and effect of the sentence limitation in appellant's pretrial agreement, to include the impact of a requirement for restitution

when restitution was not made. Although framed in this manner, appellant is actually alleging that the failure to honor the sentencing limitation in the agreement is against public policy where appellant failed to make restitution because of indigency.

The sentencing provisions of appellant's pretrial agreement were as follows:

Dishonorable Discharge but if full restitution is made before arraignment then a Bad–Conduct Discharge.

Reduction to E–1.

Confinement for 12 (twelve) months, but if full restitution is made before arraignment then no more than 6 (six) months.

Total Forfeiture of all pay and allowances.

All other lawful forms of punishment including a fine, may be approved.

Appellant did not make full restitution before arraignment, repaying the victim only $1,090.00 of $2,949.31 owed. This failure to make full restitution subjected appellant to two months confinement in excess of that otherwise provided for in the agreement.[1]

To address the issue as joined, not only did the military judge ensure that appellant understood the agreement in its entirety, he also ensured that appellant understood the sentence limitation. During the providence inquiry the following colloquy occurred:

MILITARY JUDGE: Very well.

I would like for you to take that portion of your agreement that I have not been presented with yet, which would be Appellate Exhibit III, and I would like for you to silently read the contents of that exhibit to yourself right now.

ACCUSED: Yes, Your Honor.

[Pause.]

ACCUSED: I have read it, Your Honor.

MILITARY JUDGE: You have finished reading the exhibit?

ACCUSED: Yes, Your Honor.

MILITARY JUDGE: Does that exhibit, Appellate Exhibit III, contain a complete and a correct statement of the sentence limitation to which you have agreed with the convening authority?

ACCUSED: Yes, Your Honor.

MILITARY JUDGE: In this pretrial agreement, Private Foust, you have agreed to enter a plea of guilty to the offenses that we have been discussing this morning in exchange for the convening authority's agreement to approve no sentence any greater than whatever it is that's contained in Appellate Exhibit III that you have just read.

Do you understand that?

ACCUSED: Yes, Your Honor, I do.

MILITARY JUDGE: Are there any provisions of your agreement that you do not understand?

ACCUSED: No. *I fully understand it,* Your Honor (emphasis added).

Appellant's sentence limitation is "so straightforward and simple that it is susceptible to only one interpretation." *United States v. Passini,* 10 M.J. 108, 109 (C.M.A.1980). If restitution is made appellant is subject to only six months' confinement; if restitution is not made, he is subject to twelve months' confinement or, in this case, the lesser eight-month period of confinement that was adjudged. Counsel were under a duty to reveal any discrepancy between the pretrial agreement and their understanding of it. *Id.* at 109.

Addressing the public policy prong of appellant's argument, we note that at one time it was looked upon with disfavor when a pretrial agreement contained ancillary conditions or contractual agreements pertaining to contractual matters. *United States v. Rodgers,* 49 C.M.R. 268 (A.C.M.R. 1974), *United States v. Mills,* 9 M.J. 687, 688 (A.C.M.R.1980) (citations omitted). It is now recognized that "[As] long as the trial and appellate processes are not rendered ineffective and their integrity is maintained ... some flexibility and imagination in the plea bargaining process ...

---

1. If full restitution had been made, the convening authority, under the terms of the pretrial agreement, could have only approved six months of appellant's eight-month sentence to confinement.

are allowed." *United States v. Mitchell,* 15 M.J. 238 (C.M.A.1983). Indeed, accommodations for restitution provisions are now found in the Manual for Courts–Martial, United States, 1984. *See* Rule for Courts–Martial 705(c)(2)(C).

Appellant maintains that the failure to honor his agreement is against public policy where appellant failed to make restitution because of indigency. At no time, either at trial, in his *Goode*[2] response, or before this court through affidavit or *Grostefon,*[3] has appellant made an allegation of indigency. Even assuming indigency, without some showing of government-induced misconduct, the agreement is not against public policy. To allow an accused to offer an agreement with a sentence limitation based on restitution being made and then allow him to take advantage of this limitation when restitution is not made is a windfall this court will not permit. Although the Supreme Court has disallowed confinement or an increase in confinement when restitution was not made, those cases are distinguishable from the case before us. Those cases dealt with restitution and increased confinement as part of the adjudged sentence, something over which the defendants had no control. *See Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) (Equal Protection Clause of the fourteenth amendment requires that the statutory ceiling placed on imprisonment for any substantial offense be the same for all defendants irrespective of their economic status); *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed. 2d 130 (1971) (denial of equal protection to limit punishment to payment of a fine for those able to pay it, but to convert it to imprisonment for those who are unable to pay). A promise to provide restitution is not the same as an adjudged fine, nor is it the same as non-negotiated restitution as part of an adjudged sentence. We emphasize that a provision for restitution in a pretrial agreement is a provision to which an accused must freely agree. Indeed, here appellant is the one who offered restitution as part of the agreement.[4]

In *United States v. Rodgers,* 49 C.M.R. 268 (A.C.M.R.1974), there was an agreement to suspend a bad-conduct discharge, if adjudged, provided the victim had been reimbursed. Failure to make such reimbursement empowered the convening authority to void the agreement. Reimbursement was not made and the agreement was voided. This court set aside the bad-conduct discharge, finding the provision void as against public policy. *Rodgers'* value is eroded because it was decided at a time when restitution provisions were not recognized as being permissible. Further, for reasons stated earlier, we decline to follow dicta in *United States v. Brown,* 4 M.J. 654 (A.C.M.R.1977), which indicates that the convening authority would be bound by the pretrial agreement if the accused, acting in good faith, was unable to make restitution through no fault of his own. To ensure the integrity of the trial process, when an accused voluntarily offers and agrees to a restitution provision in a pretrial agreement, it must be enforced.

The findings of guilty and the sentence are affirmed.

Senior Judge De GIULIO and Judge CARMICHAEL concur.

---

2. *United States v. Goode,* 1 M.J. 3 (C.M.A.1975).

3. *United States v. Grostefon,* 12 M.J. 431, 436 (C.M.A.1982).

4. We are not presented with, nor are we addressing the situation where the government is requiring the provision or where the accused cannot pay because of government-initiated or government-induced misconduct.