**UNITED STATES, Appellee,**

v.

**Specialist Four Danny D. LUDLAM, 447–56–1987, United States Army, Appellant.**

**ACMR 8702137.**

U.S. Army Court of Military Review.

24 June 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, J.A.G.C. Major Stewart C. Hudson, J.A.G.C., Captain Jeffrey J. Fleming, J.A.G.C. (on brief).

For Appellee: Colonel Norman G. Cooper, J.A.G.C., Lieutenant Colonel Gary F. Roberson, J.A.G.C., Captain Carlton L. Jackson, J.A.G.C., Captain Donald W. Hitzeman, J.A.G.C. (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

OPINION OF THE COURT

HOLDAWAY, CHIEF JUDGE:

The appellant was tried by a military judge sitting as a general court-martial on

25 September 1987. Pursuant to his pleas, he was found guilty of sodomy and indecent acts with his, then, 9–year old stepdaughter. He was sentenced to a bad-conduct discharge, confinement for twenty-five months, forfeiture of $300.00 pay per month for twenty-five months, and reduction to the grade of Private E–1. Except for suspending the forfeiture of pay, the convening authority approved the sentence.

In aggravation, the trial counsel introduced evidence froma school district social worker, accepted as an expert by the defense, on the adverse effects of sexual abuse on child victims and family members. The witness testified only as to the effects on victims in general as he had no familiarity with the specific facts of this case. The defense objected on grounds of relevancy, but, the military judge allowed the evidence stating, "We'll see whether it's relevant later on." The defense did not renew the objection; in point of fact, the defense extensively cross-examined the witness and, later, made some use of this testimony in arguing on the sentence. Citing *United States v. Hammond*, 17 M.J. 218, 221 n. 6 (C.M.A.1984), and the Manual for Courts–Martial, United States, 1984 [hereinafter MCM, 1984], Rule for Courts–Martial 1001(b)4 [hereinafter R.C.M.], the appellant now argues that this testimony should have been excluded because of a failure to connect such evidence to the effect of the crime on the victim. We disagree and affirm.

The trial defense counsel's failure to pursue his objection constitutes waiver. MCM, 1984, Mil.R.Evid. 103(a)1. It is a common practice for a judge to defer ruling on relevancy. Surely it is not an excessive burden on a defense counsel to require that the objection be renewed after the witness has finished testifying. This is particularly true where, as here, the defense counsel, in an extensive cross-examination, attempted to turn this "irrelevant" testimony to his own purpose. His use of the witness' testimony in his argument is strong evidence that he had abandoned his previous objection. *Cf. United States v. Foust*, 25 M.J.

647 (A.C.M.R.1987) (when appellant voluntarily offered and agreed to restitution provision in pretrial agreement, it had to be enforced to ensure integrity of the trial process). The judge would have had to be a mind reader to conclude that the relevancy objection was still being pursued.

Finally, we note there may be some conflict between R.C.M. 1001(b)4, which purports to limit aggravation evidence to that directly relating to or resulting from the offenses (that is, the specific psychological and medical impact of the offenses on the victim), and Mil.R.Evid. 702, which establishes a low threshold of relevancy for expert testimony. When there is such a conflict, the broad discretion granted a military judge should not be disturbed absent clear abuse of that discretion. He is in the best position to resolve the matter. When the military judge, as here, is sitting alone, he can consider such testimony for whatever it is worth, and when sitting with members, he can properly limit by instruction the extent to which such evidence may be considered.

The findings of guilty and the sentence are affirmed.

Senior Judge DE GIULIO * and Judge CARMICHAEL concur.