**UNITED STATES**

v.

**Johnathan W. MITCHELL, 252 49 2428,
Private (E–1), U.S. Marine Corps.**

**NMCM 95 02031.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 17 Dec. 1993.

Decided 22 April 1997.

LT E. Rubiella, JAGC, USNR, Appellate
Defense Counsel.

LT Kevin L. Flynn, JAGC, USNR, Appellate Government Counsel.

Before DOMBROSKI, LUCAS and
OLIVER, Appellate Military Judges.

OLIVER, Judge:

On 9 December 1993 a military judge found the appellant guilty, pursuant to his pleas, of a 5–1/2–year period of unauthorized absence, escape from confinement, forgery, making and uttering checks with insufficient funds, and possessing and altering military identification cards, in violation of Articles 86, 95, 123, 123a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 895, 923, 923a, and 934 (1994)[hereinafter UCMJ], respectively. A panel of officer and enlisted members sentenced the appellant to confinement for 10 years, total forfeitures, and a dishonorable discharge. On 5 May 1995 the convening authority approved the sentence, but suspended confinement in excess of 60 months. This suspension was on the condition, specified in the pretrial agreement, that the appellant would provide full restitution for the financial losses suffered as a result of his criminal activities within 12 months of the date findings were entered.

The convening authority ordered a vacation hearing under Article 72, UCMJ, 10 U.S.C. § 872, which was conducted on 5–8 June 1995. The hearing officer concluded that the appellant had failed to comply with the provisions of the pretrial agreement concerning restitution. However, he recommended that the convening authority grant partial relief based on the partial restitution the appellant had provided. In a supplementary action taken on 8 September 1995, the convening authority vacated the entire suspended portion of the sentence and ordered it executed. The appellant has raised eight assignments of error on appeal. We will discuss the first three assignments of error [1] in some detail.

### Assignment of Error I

The appellant first contends that the convening authority's vacation of the suspended portion of the sentence related to confinement, under the facts of appellant's case, violates public policy. He claims that, although he entered into the pretrial agreement in good faith, the appellant was honestly unable to raise the specified amount of restitution prior to 9 December 1994 and that he should, therefore, be entitled to the full benefit of his pretrial agreement. We disagree and conclude that he is entitled to no relief.

Pretrial agreements have long been an important part of much of contemporary criminal litigation. They are intended to prevent informal "understandings" and protect the rights of the accused and the interests of the Government. See Santobello v. New York, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). Although it has not always been so, the current state of the law is that "[a] promise to provide restitution" is an appropriate provision of a pretrial agreement. RULE FOR COURTS-MARTIAL 705(c)(2)(C), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.]; United States v. Olson, 25 M.J. 293, 295–96 (C.M.A.1987); see also United States v. Cummings, 17 C.M.A. 376, 38 C.M.R. 174, 178, 1968 WL 5361 (1968)(holding that, in the military, "pretrial agreements are properly limited to the exchange of a plea of guilty for approval of a stated maximum sentence."). However, the courts have not provided litigants with a *carte blanche* to negotiate whatever provisions they choose. The courts will not tolerate prosecutorial overreaching, provisions which violate public policy, or agree-

---

1. I. THE CONVENING AUTHORITY'S FAILURE TO HONOR THE AGREEMENT TO SUSPEND ALL CONFINEMENT IN EXCESS OF SIXTY MONTHS, UNDER THE FACTS OF APPELLANT'S CASE, IS AGAINST PUBLIC POLICY IN LIGHT OF APPELLANT'S HONEST INABILITY TO RAISE THE AGREED-UPON RESTITUTION AMOUNT WITHIN THE PRESCRIBED PERIOD OF TIME.

II. A SENTENCE WHICH INCLUDES CONFINEMENT FOR TEN YEARS, FORFEITURE OF ALL PAY AND ALLOWANCES, AND A DISHONORABLE DISCHARGE, IS INAPPROPRIATELY SEVERE CONSIDERING THE NON-

VIOLENT NATURE OF THE OFFENSES TO WHICH APPELLANT PLED GUILTY.

III. THE CONVENING AUTHORITY ERRED IN VACATING APPELLANT'S SUSPENDED CONFINEMENT WHERE HE RELIED ON THE STAFF JUDGE ADVOCATE'S RECOMMENDATION WHICH INCORRECTLY NOTED THAT THE ARTICLE 72 HEARING OFFICER HAD SPECIFICALLY FOUND THAT APPELLANT'S FAILURE TO MAKE RESTITUTION WAS NOT BASED ON INDIGENCY WHERE, IN FACT, THE ARTICLE 72 HEARING OFFICER HAD MADE NO SUCH FINDING. (Reference omitted.)

ments which are substantially unfair. *See, e.g., Spriggs v. United States,* 40 M.J. 158, 163 (C.M.A.1994).

The appellant entered into this pretrial agreement as an arms-length agreement with the Government, after full consultation with counsel. A successful college student and astute businessman in England and the Bahamas, it was certainly foreseeable that his financial empire would suffer reversals during his time in confinement. Even so, as part of the consideration for obtaining a promise from the convening authority to suspend all confinement in excess of 60 months, the appellant promised to provide full restitution of $30,733.62 to various financial institutions he had defrauded. Appellate Exhibit III, ¶ 16; Record at 71–72. He represented to the convening authority, and to the military judge, that he understood that his obligation to provide full restitution was an integral part of the bargain. We note that the appellant obtained other benefits from the agreement as well. These included a promise from the convening authority not to go forward on the charge of desertion, an unrelated unauthorized absence, two specifications of conspiracy, and another specification alleging that he had passed additional bad checks.

Relying heavily on *United States v. Rodgers,* 49 C.M.R. 268, 269, 1974 WL 14060 (A.C.M.R.1974), the appellant argues that this provision of the pretrial agreement should be set aside because it is substantially unfair. The basic holding in *Rodgers,* however, is no longer good law. *United States v. Foust,* 25 M.J. 647, 649 (A.C.M.R.1987); *see* R.C.M. 705(c)(2)(C). Under the current state of the law, we believe it would violate public policy to let the appellant "off the hook" based on a subsequent claim of indigency. As our Army brethren observed in *Foust,* 25 M.J. at 649:

Even assuming indigency, without some showing of government-induced misconduct, the agreement is not against public policy. To allow an accused to offer an agreement with a sentence limitation based on restitution being made and then allow him to take advantage of this limitation when restitution is not made is a windfall this court will not permit.

Later the *Foust* court concluded: "To ensure the integrity of the trial process, when an accused voluntarily offers and agrees to a restitution provision in a pretrial agreement, it must be enforced." *Id.* While we recognize that the appellant would not enjoy a complete windfall, both because he has made partial restitution and his future earnings would be subject to civil recoupment procedures, the undeniable fact is that the appellant failed to comply with a key provision of the pretrial agreement.

We are also unpersuaded by the appellant's reliance on the Supreme Court's decision in *Bearden v. Georgia,* 461 U.S. 660, 672–73, 103 S.Ct. 2064, 2072–73, 76 L.Ed.2d 221 (1983), and R.C.M. 1113(d)(3). In the instant case, after hearing all the evidence, including the appellant's representation that he was ready, willing, and able to pay full restitution, the members adjudged a legal and appropriate sentence which included confinement for 10 years. The members believed that the appellant should be deprived of his freedom for 10 years. Record at 166. Under the terms of the pretrial agreement, the appellant had an expectation of realizing certain benefits. Among other things, the convening authority agreed to suspend all but 60 months of confinement, but only if the appellant complied fully with his part of the bargain. The appellant agreed to provide full restitution and not to commit misconduct during the post-trial phase of the proceedings. We do not believe the appellant was unconstitutionally "deprived" of his "conditional freedom" merely because, "through no fault of his own, he cannot pay the fine." *Bearden,* 461 U.S. at 673, 103 S.Ct. at 2073.

The appellant's reliance on R.C.M. 1113(d)(3) is misplaced. By its terms, R.C.M. 1113(d)(3) applies only when the convening authority is considering imposition of confinement in lieu of a fine that the accused has been ordered to pay. In such case, the accused can avoid confinement if he demonstrates that he has made good faith efforts to pay but cannot because of indigency. Even then, the convening authority can impose punishment if, after giving the accused notice

and an opportunity to be heard, he determines that there is no other punishment adequate to meet the Government's interest in appropriate punishment. *Id. See United States v. Slubowski*, 5 M.J. 882 (N.M.C.R. 1978), *aff'd*, 7 M.J. 461 (C.M.A.1979)(rejecting a claim that the appellant's indigency should enable him to escape additional confinement if he failed to pay the fine, this court concluded: "If additional confinement is served by reason of nonpayment of the fine, the total confinement will [still] not exceed the maximum authorized [under the MCM]." *Id.* at 885). The 10 years that the appellant was sentenced to fell far short of the 353–1/2 years that the members might have imposed. Record at 183.

Moreover, the appellant enjoyed full due process rights before the convening authority vacated the suspended portion of his sentence. During a remarkably comprehensive Article 72, UCMJ, 10 U.S.C. § 872, hearing conducted on 5–8 June 1995,[2] the appellant had an unrestricted opportunity to present relevant evidence and argue his case as to why it would be unfair to vacate the suspended portion of his confinement. This distinguishes the instant case from our holding in *United States v. Holstlaw*, 41 M.J. 552, 556 (N.M.Ct.Crim.App.1994), in which there was no record of any vacation hearing. The appellant was given full opportunity to argue before a neutral and detached hearing officer that he had not violated the terms of the pretrial agreement or, in the alternative, that any violation he did make should not result in the loss of the benefits of the agreement.

According to the Article 72, UCMJ, 10 U.S.C. § 872, hearing officer, one of the appellant's claims was that somehow his two trial defense counsel had misled him as to what this provision of the pretrial agreement entailed. Report of Art. 72, UCMJ, Proceedings (DD Form 455), ¶ 18 [hereinafter Art. 72 Vacation Hearing]. We find such a claim to be incredible. The hearing officer concluded: "The evidence shows Pvt Mitchell to be a meticulous and thorough individual ..., that he was *not* misadvised or confused by his defense counsel," and that he had understood the terms of the agreement. *Id.* (Emphasis in original).

The military judge had himself explained each element of the pretrial agreement in detail, assuring himself that the appellant understood this provision completely. *See* Record at 71–72. The appellant also agreed, both on the record and in his pretrial agreement, that he was fully satisfied with both of his counsel and believed that their advice had been in his best interest. Record at 30; Appellate Exhibit III, ¶ 4. After going over every aspect of the pretrial agreement, the military judge concluded, as do we, that its provisions were "in accordance with appellate case law [and] not contrary to public policy" or our notions of fundamental fairness.

We conclude, therefore, that this assignment of error is without merit.[3]

## Assignment of Error II

■ The appellant next contends that the sentence adjudged at trial and approved on review is inappropriately severe. We note that this is the appellant's second general court-martial conviction for what was, in many respects, a similar course of conduct. The criminal activities in which the appellant engaged were extensive. In forging and passing bad checks, the appellant stated that he knew exactly what he was doing; he did it because he was "getting what he wanted." Record at 157. He subsequently escaped from confinement and commenced a 5–1/2–year period of unauthorized absence terminated by apprehension. We are also aware that during this period he attended college and engaged in apparently thriving business enterprises in England and the Bahamas. Indeed, he represented to the panel that he had been so successful that he was fully

2. The verbatim transcript of this 4–day hearing was 169 pages in length; there was well over 200 additional pages of exhibits.

3. Of course, trial judges and this court will continue to review pretrial agreements and void any provision "prohibited by law or public policy." R.C.M. 705(d)(1). Likewise, appellate courts are responsible to supervise the circumstances under which the suspended portion of a sentence is vacated to ensure justice. *See Spriggs v. United States*, 40 M.J. 158, 162–63 (C.M.A.1994); *United States v. Holstlaw*, 41 M.J. 552, 555–56 (N.M.Ct. Crim.App.1994). We simply find no basis to provide relief on the facts of this case.

prepared to provide restitution to the victims of his crimes. Record at 162–65.

The officer and enlisted members considered all of these factors when making their determination as to the appropriate sentence. Likewise, the convening authority was well aware of the nature of the offenses and the offender in making his determination whether or not to grant clemency. Granting clemency is something we are not authorized to do. *See United States v. Healy,* 26 M.J. 394, 395–96 (C.M.A.1988). After a careful review of the entire record, we conclude that the sentence in this case is "appropriate." Art. 66(c), UCMJ, 10 U.S.C. § 866(c).

### Assignment of Error III

■ The appellant next contends that the convening authority erred when he vacated his suspended period of confinement where the staff judge advocate's recommendation (SJAR) concerning the vacation hearing incorrectly noted that the Article 72, UCMJ, 10 U.S.C. § 872, hearing officer had specifically found that appellant's failure to make restitution was not based on indigency. He argues that the hearing officer made no such finding. He requests that we order a new SJAR and convening authority's action on the vacation hearing. We disagree with his conclusion and decline to provide any relief.

The key determination which the hearing officer made, and which was included in the SJAR, was "that the accused violated the conditions of the pretrial agreement by failing to make the agreed upon restitution." When the appellant failed to meet his legal obligation, it was appropriate for the conven-

ing authority to vacate the suspended portion of the appellant's sentence.

Moreover, we do not believe it unreasonable for the SJAR to have observed that one key conclusion the hearing officer had reached was that indigency was not the root of the appellant's failure to pay. In the "Remarks" section of the Article 72 Vacation Proceeding, the hearing officer commented, *inter alia,* that the appellant had requested through counsel, 11–1/2 months after the trial, a 3–month extension "to pay off his debt threw [sic] the liquidation of his business assets and savings." Major Canham's ltr 5800 LSST SDC of 28 Nov. 1994 (Government Exhibit 5 to Art. 72 Vacation Hearing); *see* Art. 72 Vacation Hearing, ¶ 18d. The referenced letter from the appellant's IMC continued: "As his financial dealings are transcontinental, he now requests additional time to acquire the funds needed to pay off his debt." The very next comment the hearing officer made in his report was: "That although oral statements have been made related to the existence and financial status of Pvt Mitchell's business involvement in England and the Bahamas, there was *no* documentary evidence ... presented which corroborated any of those statements." Art. 72 Vacation Hearing, ¶ 18e. The hearing officer obviously did not believe the appellant's claims of recent indigency.

Therefore, this assignment of error is without merit.[4]

### Assignments of Error IV through VIII

We have carefully considered the five summary assignments of error[5] which the appel-

---

4. Although we find no error in this case, we would remind SJA's, when they prepare the SJAR, to stick strictly to the facts and not to exaggerate or misstate the findings and conclusions of the proceeding.

5. IV. DEFENSE COUNSEL WAS INEFFECTIVE WHERE SHE FAILED TO SUBMIT A WRIT OF HABEAS CORPUS ON BEHALF OF ACCUSED DETAILING ISSUES AND ARGUMENTS WHICH APPELLANT FELT NEEDED TO BE RAISED POST–TRIAL. (Reference and footnote omitted.)

V. DEFENSE COUNSEL WAS INEFFECTIVE WHERE HE FAILED TO OBJECT WHEN APPELLANT WAS IN CONFINEMENT FOR MORE THAN 48–HOURS BEFORE HIS COM-

MANDING OFFICER'S DETERMINATION OF PROBABLE CAUSE AND FOR MORE THAN SEVEN DAYS BEFORE APPELLANT'S INITIAL REVIEW OFFICER HEARING. (Reference and footnote omitted.)

VI. DEFENSE COUNSEL WAS INEFFECTIVE WHERE SHE FAILED TO MOVE TO DISMISS THE CHARGES WHERE APPELLANT HAD BEEN INTERROGATED, DURING THE PERIOD WHEN APPELLANT'S COURT–MARTIAL WAS TAKING PLACE, BY A STAFF SERGEANT IN THE UNITED STATES MARINE CORPS WHO YELLED, MISTREATED, AND INSISTED ON QUESTIONING APPELLANT IN THE BRIG DESPITE APPELLANT'S INVOCATION OF HIS CONSTITUTIONAL RIGHT TO REMAIN SILENT. (References and footnote omitted.)

lant filed pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982). We find each of them to be without merit.

### Conclusion

Accordingly, we affirm the findings and sentence, as approved on review below.

Chief Judge DOMBROSKI and Judge LUCAS concur.

VII. PRISON AUTHORITIES HAVE DENIED APPELLANT SPEEDY AND ADEQUATE APPELLATE REVIEW BY DENYING HIM ACCESS TO APPELLATE DEFENSE COUNSEL AND TO PRISON FACILITIES AND RESOURCES WITH WHICH TO EXPEDITE HIS RIGHT TO APPEAL HIS COURT–MARTIAL CONVICTION IN CONTRAVENTION OF THE PRISON COMMANDANT'S MEMORANDUM STATING THAT SUCH ACCESS WOULD BE AVAILABLE TO APPELLANT. (References and footnote omitted.)

VIII. THE APPELLANT'S COURT–MARTIAL LACKED JURISDICTION TO TRY HIM SINCE APPELLANT'S DISCHARGE FROM THE MARINE CORPS HAD ALREADY BEEN EFFECTED AND HIS COMMAND ACTED BEYOND THEIR AUTHORITY IN EXTENDING HIS ACTIVE DUTY OBLIGATION AFTER THE DATE OF HIS EFFECTIVE DISCHARGE FROM THE UNITED STATES MARINE CORPS. (References and footnote omitted.)