2008 ND 196

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Trevor Daniel KASEMAN, Defendant and Appellant.**

No. 20080088.

Supreme Court of North Dakota.

Oct. 27, 2008.

Lloyd C. Suhr, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee. Submitted on brief.

Steven Balaban, Bismarck, ND, for defendant and appellant. Submitted on brief.

KAPSNER, Justice.

[¶ 1] Trevor Kaseman appeals from an Amended Criminal Judgment ordering Kaseman to pay $10,008.44 in restitution. We hold the district court abused its discretion in amending the Criminal Judgment by increasing the amount of restitution owed from $305 to $10,008.44. We reverse the Amended Criminal Judgment and reinstate the Criminal Judgment dated October 10, 2007.

I.

[¶ 2] At his October 8, 2007 preliminary hearing, Kaseman pled guilty to the following crimes: Attempted Escape, Possession of Stolen Property, Resisting Arrest, Fleeing in Elude a Motor Vehicle, Driving Under the Influence, Possession of Marijuana by a Driver, and Possession of Drug Paraphernalia. The State's Attorney noted that a victim impact statement indicated Kaseman did at least $9,500 worth of damage to a vehicle while committing the above-noted crimes. The State's Attorney provided:

It appears, from looking at the victim impact statement, that that was covered by insurance. I have not received a request from an insurance agent requesting that there be restitution paid to them following the claim, but I wanted the Court to be aware of the damage that the defendant caused while he had the vehicle in his possession.

Thereafter, the State's Attorney added:

Your Honor, one thing with the restitution, the victim witness advocate just

provided me with a note, that the victims did submit an insurance claim, however, they had a $100 deductible and there was $205 of the balance on the loan for the vehicle that wasn't covered by insurance. So there would be 305 owing to the victim.

While sentencing Kaseman, the district court stated: "I'm going to indicate that the restitution should be paid in the amount of $305. I think that the insurance company is probably entitled to recover from the defendant, but I think they're going to have to handle that as a civil action." On October 10, 2007, the district court entered a Criminal Judgment sentencing Kaseman to a period of incarceration and ordering him to pay $305 in restitution. The district court did not reserve the issue of restitution, and it did not indicate an additional restitution hearing would be held at a later date.

[¶ 3] On February 5, 2008, the State filed a Motion for Modified Restitution and Request for Hearing. It asserted:

Prior to sentencing, the victims' insurance company had submitted a request for restitution to address their losses as well. However, the specific figures were not provided to this office until December 31, 2007.

... The victims' insurance company paid out a claim in the amount of $10,008.44 as a result of the Defendant's criminal actions and is entitled to restitution in that amount.

Kaseman resisted the motion. The district court held a Restitution Hearing on March 19, 2008. On April 7, 2008, the district court entered an Amended Criminal Judgment and ordered Kaseman to pay $10,008.44 in restitution, made payable to American Family Insurance. Kaseman appeals from the Amended Criminal Judgment. Both parties waived oral argument.

II.

■ [¶ 4] When reviewing a restitution order on appeal, this Court applies a standard of review similar to an abuse of discretion standard. *State v. Gendron*, 2008 ND 70, ¶ 7, 747 N.W.2d 125. This Court has held:

Restitution orders will be affirmed unless the district court acted outside the limits set by statute, which is similar to an abuse of discretion standard. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law."

*Id.* (citation omitted) (quoting *State v. Tupa*, 2005 ND 25, ¶ 3, 691 N.W.2d 579).

[¶ 5] Kaseman argues the district court abused its discretion by amending the amount of restitution he owed after he received his sentence, because the district court did not previously reserve the issue. Section 12.1–32–08(1), N.D.C.C., governs restitution and states in part:

Before imposing restitution or reparation as a sentence ..., the court shall hold a hearing on the matter with notice to the prosecuting attorney and to the defendant as to the nature and amount of restitution. *The court, when sentencing a person adjudged guilty of criminal activities that have resulted in pecuniary damages,* in addition to any other sentence the court may impose, *shall order that the defendant make restitution to the victim* or other recipient as determined by the court, unless the court states on the record, based upon the criteria in this subsection, the reason it does not order restitution or orders only partial restitution.

(Emphasis added). Kaseman notes the plain language of N.D.C.C. § 12.1–32–08(1)

specifically indicates the district court may only order restitution *"when sentencing a person."* *Id.* (emphasis added). Kaseman contends the statutory language "when sentencing" prevents a district court from sentencing a defendant, then ordering him to pay restitution at a later date, without previously reserving the issue. Kaseman asserts the district court abused its discretion by modifying the restitution order, because it violated the plain language of the statute.

[¶ 6] The State asserts Kaseman's interpretation of N.D.C.C. § 12.1–32–08(1) produces an absurd and unjust result. This Court has held: "In interpreting a statute, we presume the Legislature did not intend an absurd or ludicrous result or unjust consequences. Rather, statutes are to be construed in a practical manner." *Grey Bear v. N.D. Dep't of Human Servs.*, 2002 ND 139, ¶ 7, 651 N.W.2d 611 (citation omitted). The State argues interpreting "when sentencing," to mean "the time of sentencing," would allow a criminal defendant to escape responsibility if a final dollar amount for restitution is unknown at the time of sentencing. The State contends Kaseman's interpretation does not account for victims that may not yet be identified at the time of sentencing.

[¶ 7] The parties indicate the issue in this case relates to the interpretation of N.D.C.C. § 12.1–32–08(1). However, restitution is a type of sentence; therefore, the issue pertains to sentence modifications. In their briefs, neither party discussed the consequences of restitution being a type of sentence.

### III.

[¶ 8] North Dakota statutes establish that restitution is a type of sentence. Section 12.1–32–08(1), N.D.C.C., provides in part: "Before imposing restitution or reparation *as a sentence* ...."

(Emphasis added). Section 12.1–32–02(1), N.D.C.C., states: "Every person convicted of an offense who is sentenced by the court must be sentenced to one or a combination of the following alternatives[.]" Two of the alternatives listed at N.D.C.C. § 12.1–32–02(1)(e)–(f) are: "Restitution for damages resulting from the commission of the offense" and "[r]estoration of damaged property or other appropriate work detail." From this, North Dakota statutes establish restitution is a type of sentence.

[¶ 9] Rule 35, N.D.R.Crim.P., governs correcting and reducing sentences. It provides, in part: "The sentencing court may correct an illegal sentence.... [T]he sentencing court may correct a sentence that resulted from arithmetical, technical, or other clear error.... The sentencing court may reduce a sentence[.]" N.D.R.Crim.P. 35.

[¶ 10] In *State v. Bryan*, 316 N.W.2d 335, 336 (N.D.1982), this Court analyzed N.D.R.Crim.P. 35 and held: "Rule 35 is limited; it permits a sentencing court to 'correct an illegal sentence at any time ... [and may within a specified time period] correct a sentence imposed in an illegal manner ... [or] reduce a sentence....' It contains no provision for increasing a sentence." 316 N.W.2d at 336 (alterations in original) (quoting N.D.R.Crim.P. 35). In further analyzing N.D.R.Crim.P. 35, this Court added: "The change or modification of a sentence is permitted in North Dakota ..., but only pursuant to Rule 35, NDRCrimP." *Id.* at 338 (quoting *State v. Rueb*, 249 N.W.2d 506, 511 (N.D.1976)).

[¶ 11] This Court's case law and N.D.R.Crim.P. 35 do not permit district courts to order a sentence, then later increase the sentence. Therefore, the district court abused its discretion when it ordered restitution, then later increased restitution, without previously reserving the issue. This holding does not prohibit a

district court from ordering that the issue of restitution, or of sentencing as a whole, be reserved, with a hearing to be held at a later date.

## IV.

[¶ 12]   We have considered both parties' remaining arguments, and we conclude they are unnecessary to this opinion.  We reverse the Amended Criminal Judgment, which ordered Kaseman to pay restitution in the amount of $10,008.44, and reinstate the Criminal Judgment dated October 10, 2007, which ordered Kaseman to pay $305 in restitution.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING and DANIEL J. CROTHERS, JJ., and STEVEN E. McCULLOUGH, D.J., concur.

[¶ 14] The Honorable STEVEN E. McCULLOUGH, D.J., sitting in place of SANDSTROM, J., disqualified.