2011 ND 137

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Margie Ann McELYA, Defendant and Appellant.**

**No. 20100349.**

Supreme Court of North Dakota.

July 13, 2011.

Rehearing Denied August 18, 2011.

Jackson J. Lofgren (argued), Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek (argued), Mandan, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Margie Ann McElya appealed a criminal judgment after she was convicted of two counts of theft. McElya argued she was subjected to double jeopardy because she was charged with, and convicted of, two counts of theft for taking one wallet in one incident. We affirm the judgment because McElya waived her double jeopardy claim.

I

[¶ 2] McElya was charged with two counts of theft for taking Sarah Messmer's wallet. On the first count, McElya was charged with the theft of three credit cards belonging to Sarah Messmer. On the second count, McElya was charged with the theft of $400.00 cash. McElya was found guilty on both counts of theft by a jury. On the first count, a class C felony, McElya was sentenced to two years' imprisonment. On the second count, a class A misdemeanor, McElya was sentenced to one year's imprisonment, with the sentences to run concurrently. McElya raised the issue of double jeopardy for the first time on appeal, arguing she was subjected to double jeopardy for being charged with and convicted of two crimes for taking one wallet in one incident.

II

[¶ 3] "Double jeopardy is a defense that may be waived." *State v. Voigt,*

2007 ND 100, ¶ 8, 734 N.W.2d 787 (citing *State v. O'Rourke*, 544 N.W.2d 384, 385 (N.D.1996)). This Court has held that double jeopardy must be raised at some point in the proceedings before the district court. *Id.; see also O'Rourke*, at 385–87 (Levine, J., concurring in the result). In *O'Rourke*, a majority of this Court rejected the appellant's double jeopardy claim on the merits, stating it was not necessary to decide whether the appellant failed to raise his double jeopardy claim by raising it after trial and before sentencing. *Id.* at 386. Two justices of this Court concurred in the result, because they would have decided the appellant waived his double jeopardy claim by failing to raise it before or during trial. *Id.* at 387. The record shows McElya did not raise her double jeopardy claim at any point before or during trial, nor did she raise her claim before sentencing. Because McElya raised the double jeopardy defense for the first time on appeal, she waived her claim of double jeopardy.

[¶ 4] During oral argument before this Court, McElya argued for the first time that failure to consider the double jeopardy issue was an obvious error under N.D.R.Crim.P. 52(b). "Our Court will not consider an argument that is not adequately articulated, supported, and briefed." *State v. Carpenter*, 2011 ND 20, ¶ 10, 793 N.W.2d 765. We will not consider the issue because it was not adequately briefed.

### III

[¶ 5] We affirm the criminal judgment.

[¶ 6] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.