2015 ND 75

**CITY OF NAPOLEON, Plaintiff and Appellee**

v.

**Leona J. KUHN, Defendant and Appellant.**

**No. 20140134.**

Supreme Court of North Dakota.

March 24, 2015.

Isaac J. Zimmerman, Napoleon, N.D., for plaintiff and appellee.

Donavin L. Grenz, Linton, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1]   Leona Kuhn appeals from a district court judgment entered after an appeal from a municipal court conviction finding her guilty of violating a City of Napoleon ordinance for improperly disposing of refuse, and from a subsequent court order denying her request for a written restitution order.   We affirm in part, concluding sufficient evidence supports Kuhn's conviction, but we reverse Kuhn's sentence and remand to the district court to clarify its sentence.

I

[¶ 2]   This case stems from Kuhn's improper disposal of debris from her house in the Napoleon city dump in late June 2013, after her house had been severely damaged by fire.   The City of Napoleon maintains an "inert waste landfill" for its residents, located about two miles southeast of the city.   The landfill is subject to the North Dakota Department of Health's rules and regulations, which permit only certain types of garbage in the landfill sorted into separate piles, some of which is burned or buried under the regulations.

[¶ 3]   Kuhn owned a house in Napoleon that had burned about a year before the disposal incident.   In June 2013, Kuhn hired a local contractor, Marvin Schnable, to remove the house from the premises and haul the debris to the landfill for her. Kuhn used a key for the landfill that she had previously obtained to unlock the landfill gate and allow Schnable to enter and dump the debris from the home demolition.   Rod Kleppe, a city councilman, testified Kuhn had obtained a key to the landfill from him a couple of weeks earlier to dispose of some trees.   Kleppe testified he had asked her to return the key but she refused.

[¶ 4]   On June 25, Roger Kristiansen, a city employee who supervised the landfill, went out to the landfill and discovered three or four loads of debris from a home demolition had been dumped at the landfill, which did not meet the criteria for disposal at the site.   Kristiansen testified that shortly after he arrived at the landfill, Kuhn and Marvin Schnable arrived with a load of debris from what appeared to be a house demolition.   Kristiansen testified he believed the other loads had also come from Kuhn's house.   He testified he advised both Kuhn and Schnable the loads did not meet the criteria for disposal at the site but they dumped the load anyway.

He also testified Schnable brought and dumped another load later in the week. Kristiansen testified that when he had approached Kuhn about the illegal dumping, she said that "if it ever comes to cleaning this up she will take care of it."

[¶ 5]  In July 2013, Kuhn was charged in Napoleon Municipal Court with improper disposal of refuse in violation of Napoleon city ordinance § 10.0310, an infraction, and with criminal trespass in violation of another Napoleon ordinance, a class B misdemeanor.  The municipal court dismissed the criminal trespass charge, but found Kuhn guilty of improper disposal. Kuhn appealed to the district court.  At a March 2014 trial, the district court heard testimony from Kristiansen, Kleppe, Schnabel, the Department of Health's environmental scientist, the city police chief, and another city employee.  Kuhn did not testify at trial.  Kuhn moved for a directed verdict of acquittal, which the court denied, and the court found her guilty of an infraction for improper disposal.

[¶ 6]  The district court entered a criminal judgment, ordering Kuhn to pay a fine of $500 and to remove or relocate rubbish in the dump "to the City's satisfaction." The judgment allowed for a restitution hearing within sixty days "if requested by the City." The judgment then stated, "Deferred Imposition of Sentence of 360 days."  In April 2014, Kuhn also moved the court for a restitution hearing, which the court held in May 2014.  The district court declined to modify the criminal judgment and subsequently issued an order denying her request for a written restitution order and stating no restitution had been ordered.  Kuhn appealed from the criminal judgment and the subsequent order.

[¶ 7]  The municipal court had jurisdiction under N.D.C.C. § 40–18–01.  The district court had jurisdiction under N.D.

Const. art. VI, § 8, N.D.C.C. § 27–05–06(4), and N.D.C.C. § 40–18–19.  Kuhn's appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, § 2, and N.D.C.C. § 29–28–06.

## II

[¶ 8]  Under N.D.C.C. § 40–18–19, a defendant may appeal a municipal court conviction or order deferring imposition of sentence to the district court "in accordance with the North Dakota Rules of Criminal Procedure."  In *City of Grand Forks v. Lamb*, 2005 ND 103, ¶¶ 6–7, 697 N.W.2d 362, this Court held a defendant could appeal from a conviction for an infraction:

> When a defendant appeals to the district court from a conviction in municipal court, the action is transferred to the district court for trial anew.  N.D.C.C. § 40–18–19; N.D.R.Crim.P. 37(j).  The district court does not review the record and decision of the municipal court, but holds an entirely new trial and independently determines whether the defendant has violated the ordinance.  *See City of Bismarck v. Uhden*, 513 N.W.2d 373, 380 (N.D.1994) (although the appeal procedure under N.D.C.C. § 40–18–19 is "cumbersome and duplicative," appeals must be for trial anew because municipal courts are not courts of record).  If the district court finds a violation it enters a judgment of conviction, which is appealable to this Court under N.D.C.C. § 29–28–06.

*Lamb*, at ¶ 7.

[¶ 9]  Here the municipal judge erroneously treated Kuhn's notice of appeal, dated September 3, 2013, as a request for "transfer" in a document dated October 1, 2013, and filed in the district court on October 7, 2013.  We conclude, however, this case is appropriately designated as an

appeal under N.D.C.C. § 40–18–19, rather than a transfer under N.D.C.C. § 40–18–15.1. We therefore review the criminal judgment entered after the district court held a trial anew.

## A

[¶ 10] Kuhn argues the judgment finding her guilty of an infraction should be reversed on the basis of insufficient evidence or a misinterpretation of the law.

[¶ 11] Kuhn was convicted of violating City of Napoleon ordinance § 10.0310, *Disposal of Refuse not Collected by the City,* which states:

All other wastes as defined and not included under gargabe [sic], rubbish and ashes, may be disposed of by the person creating such waste, by hauling such waste for disposal to such points as are designated or approved by the City Council; or such person may arrange with some person not in their employ to collect or haul such wastes to such points as are designated by the City Council. Hauling done by or for an individual may only be done in covered container or covered truck box.

*Any disposal in areas not designated by the City Health Officer* such as dumping over the fenced area or outside the fenced areas of the city dump grounds *shall be and [sic] offense* punishable by a fine of not less that Fifty and No/100 ($50.00) or greater than Five Hundred and No/100 ($500.00).

(Emphasis added.)

[¶ 12] Napoleon's ordinances also include the following sentencing and procedural provisions, stating in part:

13.0501 *Classif[i ]cation of Offenses*

Offenses against the ordinances of this city are divided into Four (4) classes, as follows:

3. Infraction, for which a maximum fine of five hundred and No/100 Dollars may be imposed.

13.0502 *Sentencing Alternatives*

1(f). Restoration of damaged property, or other work detail.

13.0503 *Procedure for Trial of Infraction—Incidents*

1. Except as provided in this subsection, all procedural provisions relating to the trial of criminal cases as provided in the statutes or rules relating to criminal procedure shall apply to the trial of a person charged with an infraction.

██ [¶ 13] Generally, a defendant must move for judgment of acquittal under N.D.R.Crim.P. 29 to preserve the issue of sufficiency of the evidence for appeal. *See City of Fargo v. Lunday,* 2009 ND 9, ¶ 5, 760 N.W.2d 136; *City of Mandan v. Sperle,* 2004 ND 114, ¶ 5, 680 N.W.2d 275. Following the close of evidence, the court denied Kuhn's motion for judgment of acquittal, thereby preserving the issue for appeal.

██ [¶ 14] Our standard for reviewing whether sufficient evidence supports a conviction is well-established:

When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the [trier of fact] to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses.... A [trier of fact] may find a defendant guilty even though evidence

exists which, if believed, could lead to a verdict of not guilty.

*State v. Romero*, 2013 ND 77, ¶ 24, 830 N.W.2d 586 (quoting *State v. Bruce*, 2012 ND 140, ¶ 16, 818 N.W.2d 747). The standard of review for a defendant's sufficiency challenge is the same for both a bench trial and a jury trial. *State v. Hatlewick*, 2005 ND 125, ¶ 4, 700 N.W.2d 717.

[¶ 15] Kuhn argues the district court erroneously found she had contracted with Marvin Schnabel for the illegal purpose of dumping prohibited items at the city dump, erroneously found that wood and appliances could not be hauled to the city dump, and erroneously found she was "in control" because she had used her key to let Schnabel into the city dump. Kuhn contends she is not responsible for any damages because Schnabel was an independent contractor, rather than her employee. The City asserts, however, that the evidence presented at trial clearly demonstrates Kuhn accompanied Schnabel to the city dump and that she, through her agent Schnabel, dumped several loads of house demolition debris at the city dump. The City also asserts the evidence demonstrated many of these loads did not meet the criteria for disposal at the landfill.

[¶ 16] On the basis of the evidence at trial, the district court found beyond a reasonable doubt that Kuhn had violated Napoleon city ordinance § 10.0310. The court found that Kuhn entered into a contract to have Schnabel haul the destroyed house and that some of the items in the house included debris prohibited at the landfill. The court found Kuhn knew that some of the items she contracted to have hauled to the landfill included items that could not be hauled to the landfill, and the court believed she had control of where those items were dumped at the landfill.

[¶ 17] We conclude there is sufficient evidence to support Kuhn's conviction.

While Kuhn asserts that Schnabel was an "independent contractor" to avoid responsibility for the dumping infraction, the trial court found otherwise. There is evidence Kuhn hired Schnabel to haul the debris to the landfill and her involvement was more than as merely a passive observer. There was evidence Kuhn had obtained a key to the city landfill, accompanied Schnabel to the dump, and used her key to allow Schnabel into the dump. Kuhn has the burden of demonstrating the evidence permits "no reasonable inference of guilt" when viewed in the light most favorable to the conviction. *See Romero*, 2013 ND 77, ¶ 30, 830 N.W.2d 586. Under our deferential standard of review, we conclude a rational fact finder could find Kuhn guilty beyond a reasonable doubt, and there was sufficient evidence to convict Kuhn of the charge.

B

[¶ 18] Kuhn's remaining issues challenge her sentence. She contends the sentence should be reversed because the City is estopped from claiming restitution, the court abused its discretion in ordering restitution or improperly delegated its judicial authority to the City of Napoleon, and the court's deferred imposition of sentence is not in the form and content provided for by law.

[¶ 19] "Appellate review of a criminal sentence is generally confined to whether the [district] court acted within the sentencing limits prescribed by statute, or substantially relied upon an impermissible factor. Statutory interpretation, however, is a question of law fully reviewable on appeal." *State v. Corman*, 2009 ND 85, ¶ 15, 765 N.W.2d 530 (internal citations and quotation marks omitted).

[¶ 20] The district court's criminal judgment states, in relevant part:

The Court's disposition of this matter is as follows:

The Defendant will pay a Fine/State in the amount of $500.00. Remove rubbish from the dump or relocate rubbish within the dump to the City's satisfaction by 8-1-2014; Restitution hearing within 60 days, if requested by the City. Deferred Imposition of Sentence of 360 days.

[¶ 21] Kuhn argues the judgment allowing the City to potentially seek restitution is inappropriate because a substantial amount of rubbish and debris has gone into the dump and commingled with any "objectionable" items since Kuhn was charged with improper disposal. Kuhn argues the City already accepted restitution from Schnabel and should be estopped from seeking anything further from her. Additionally, Kuhn argues that while the court may defer imposition of a sentence under N.D.C.C. § 12.1–32–02(4), there was no sentence to defer in this case because the court imposed the maximum penalty against her.

[¶ 22] We conclude the district court erred in failing to enter an appropriate order deferring imposition of sentence as contemplated by the requirements of N.D.C.C. § 12.1–32–02(4) and N.D.R.Crim.P. 32.1. The district court entered a "criminal judgment" that also purports to defer imposition of Kuhn's sentence, but it is unclear what is being deferred since a sentence was actually imposed. Additionally, while the court may properly impose a sentence to include "[r]estoration of damaged property," see N.D.C.C. § 12.1–32–02(1)(f); City of Napoleon ordinance § 13.0502(1)(f), the court's sentence in this case, ordering Kuhn to remove from the dump or relocate within the dump unspecified rubbish "to the City's satisfaction," is vague and ambiguous and may represent an improper delegation of its sentencing authority.

See State v. Nelson, 417 N.W.2d 814, 817–18 (N.D.1987) (trial court improperly delegated its authority to sentence defendant to an addiction evaluator); State v. Saavedra, 406 N.W.2d 667, 670 (N.D.1987) (trial court erred in delegating authority to a probation officer to impose probation conditions).

[¶ 23] On the basis of the foregoing, we reverse Kuhn's sentence and remand to the district court to clarify its sentence.

### III

[¶ 24] We affirm the judgment of conviction, but we reverse the sentence and remand for further proceedings consistent with this opinion.

[¶ 25] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.