2015 ND 301

STATE of North Dakota, Plaintiff and Appellee

v.

George NELSON, III, Defendant and Appellant.

Nos. 20150212, 20150213.

Supreme Court of North Dakota.

Dec. 22, 2015.

Ladd R. Erickson, State's Attorney, Washburn, N.D., for plaintiff and appellee.

Scott O. Diamond, Fargo, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] George Nelson appeals a district court order requiring him to pay restitution of $69,658 after he pled guilty to theft of property. He argues the district court violated the law and denied him due process by failing to hold the rescheduled restitution hearing to allow him to present evidence to rebut the restitution amount. We reverse the order of the district court and remand to allow Nelson an opportunity to present evidence on the restitution.

I

[¶ 2] In 2013, Nelson and his wife were charged with theft of property and contracting without a license after the couple contracted with numerous individuals to construct buildings that were never completed. Nelson pled guilty to the charges. Prior to the February 2015 restitution hearing, Nelson requested it be continued to give him time to collect evidence to challenge the restitution amount and to hire alternate counsel. The court refused to continue the entire hearing and informed Nelson it would go forward with at least the State's witnesses. The court, however, told Nelson it would not issue a ruling and he would be given 60 days to hire alternate counsel, gather rebuttal evidence, and request a subsequent hearing. In March 2015, Nelson requested a subsequent restitution hearing, which was scheduled for May 2015. Nelson again requested a continuance because he had been released from prison in North Dakota and had been extradited to Nebraska. The court granted the request, and the hearing was rescheduled for July 15, 2015. On July 2, the court, without having conducted the rescheduled hearing, ordered restitution in the amount of $69,658 jointly and severally by Nelson and his wife. Nelson appealed.

[¶ 3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

II

[¶ 4] Nelson argues the district court violated the law and denied him due process by failing to hold the rescheduled restitution hearing to allow him to present evidence rebutting the restitution amount.

[¶ 5] "When restitution is imposed by the district court as part of a defendant's sentence, the district court must proceed with a restitution hearing pursuant to statute." *State v. Nordahl*, 2004 ND 106, ¶ 13, 680 N.W.2d 247 (citing N.D.C.C. § 12.1–32–08(1)). Section 12.1–32–08(1), N.D.C.C., provides:

Before imposing restitution or reparation as a sentence or condition of probation, the court shall hold a hearing on the matter with notice to the prosecuting attorney and to the defendant as to the nature and amount of restitution. The court, when sentencing a person adjudged guilty of criminal activities that have resulted in pecuniary damages, in addition to any other sentence the court may impose, shall order that the defendant make restitution to the victim or other recipient as determined by the court, unless the court states on

the record, based upon the criteria in this subsection, the reason it does not order restitution or orders only partial restitution.... In determining whether to order restitution, the court shall take into account:

a. The reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action....

b. The ability of the defendant to restore the fruits of the criminal action or to pay monetary reparations, or to otherwise take action to restore the victim's property.

c. The likelihood that attaching a condition relating to restitution or reparation will serve a valid rehabilitational purpose in the case of the particular offender considered.

[¶ 6] Unless waived by the defendant, restitution hearings under N.D.C.C. § 12.1–32–08 are required when a defendant has pled guilty and the amount of restitution is in dispute or uncertain. *State v. Thorstad*, 261 N.W.2d 899, 901 (N.D.1978). "This Court's review of a restitution order is limited to whether the district court acted within the limits set by statute, which is similar to an abuse of discretion standard." *State v. Tupa*, 2005 ND 25, ¶ 3, 691 N.W.2d 579 (citing *State v. Bingaman*, 2002 ND 210, ¶ 4, 655 N.W.2d 57; *State v. Kensmoe*, 2001 ND 190, ¶ 7, 636 N.W.2d 183). "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Tupa*, at ¶ 3. "[T]he State has the burden in a restitution hearing to prove the amount of resti-

tution by a preponderance of the evidence." *State v. Gill*, 2004 ND 137, ¶ 7, 681 N.W.2d 832.

[¶ 7] Nelson requested a restitution hearing in this case, and it was set for February 2, 2015. The court refused to continue the hearing at Nelson's request, but informed him it would not issue a ruling and he would be given an opportunity to bring evidence to rebut whatever the State put forward. At the conclusion of the State's case, the court stated:

So my ruling is going to be, I'm going to have the case file brought back to me in 60 days. If you haven't filed a request for a hearing, I'll rule on what I've heard here today. If you filed a request, the Court will have to grant you a hearing, and we'll give you your bite at the apple to present evidence to the Court as to the restitution issue.

Nelson subsequently requested a restitution hearing within the 60–day period. On July 2, 2015, without first holding the subsequent restitution hearing, the district court ordered restitution at $69,658 jointly and severally by Nelson and his wife.

[¶ 8] In its order, the district court stated:

The Court finds the Defendant's [sic] had representation at the Restitution hearing and were able to cross examine the victims in this matter. Defendants have not provided any affidavits or other materials to this Court to refute the amount of restitution.

Defendants have requested a subsequent hearing, yet have failed to provide the Court with any information as to when they possibly would be available for such a hearing or what evidence they could bring to such a hearing. Defendants have failed to provide to the Court a framework of what more they could

provide at a subsequent hearing other than to stall the matter further.

The Defendants have failed to keep the Court or their attorneys advised as to where they are currently being held or when they might be released. The Court finds the Defendants have been given ample opportunity to address their arguments regarding restitution and Defendants have failed to avail themselves of the opportunities given them by the Court.

[¶ 9] On the basis of these findings, the court appears to have arbitrarily decided Nelson no longer had grounds for a subsequent restitution hearing. The court essentially conducted half of the restitution hearing, during which it allowed the State to present its side of the case. The district court then issued its order prior to the July hearing date, and the hearing was canceled. Nothing in the record indicates why the district court changed its mind after it had granted Nelson's request for a continuance. After assuring Nelson he would be given the opportunity to present his side of the case, the district court failed to do so. We do not know what evidence Nelson would have presented at a subsequent restitution hearing, or whether he would have presented anything. We conclude the district court abused its discretion by cancelling the subsequent restitution hearing without giving Nelson the opportunity to be heard.

### III

[¶ 10] Nelson also argues the court erred in its calculation of restitution, even without the additional evidence he wished to present. He claims the court gave no explanation of how it arrived at the restitution amount or what factors it considered under N.D.C.C. § 12.1–32–08. He argues this was an abuse of discretion.

[¶ 11] In its order, the court set restitution at $69,658, holding Nelson and his wife jointly and severally liable. At the February hearing, three of the victims testified about the amount of restitution they believed to be appropriate, based on the losses they each incurred. James Fossen testified he was entitled to $52,000. Justin Miller testified he was entitled to $6,000. Lindsey Fast testified she was entitled to $7,708.57. These three amounts total $65,708.57 in restitution owed by the Nelsons, based on the victims' testimony. There is no explanation in the court's order for why restitution was set $3,949.43 higher than that amount. The State concedes restitution should be set at $65,708.57. A review of the record reflects this appears to be a clerical error in the order, which the district court may address on remand.

### IV

[¶ 12] Because the district court abused its discretion in canceling the subsequent restitution hearing without giving Nelson an opportunity to be heard, we reverse and remand the order of the district court to allow Nelson an opportunity to present evidence on the restitution.

[¶ 13] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.