2016 ND 150

**CITY OF NAPOLEON, Plaintiff and Appellee**

v.

**Leona J. KUHN, Defendant and Appellant.**

No. 20150327.

Supreme Court of North Dakota.

July 20, 2016.

Isaac J. Zimmerman, City Attorney, Napoleon, N.D., for plaintiff and appellee.

Donavin L. Grenz, Linton, N.D., for defendant and appellant.

McEVERS, Justice.

[¶1] Leona Kuhn appeals after remand from an order deferring imposition of sentence, requiring her to pay restitution of $10,686.98. We conclude the district court did not err in holding another restitution hearing on remand and did not abuse its discretion in awarding restitution based on the evidence presented at the hearing. We affirm.

I

[¶2] Our prior decision in *City of Napoleon v. Kuhn*, 2015 ND 75, 860 N.W.2d 460 ("*Kuhn I*"), contains the relevant facts in this case, and we will not repeat them here except as necessary to resolve the issues raised in this appeal.

[¶3] In 2013 Kuhn was charged in Napoleon Municipal Court with improper disposal of refuse in violation of Napoleon city ordinance § 10.0310, an infraction. After her house had been severely damaged by fire, Kuhn disposed of debris from the house in the Napoleon city dump. The municipal court found Kuhn guilty of improper disposal, and she appealed to the district court. After a March 2014 trial, the district court found her guilty of the infraction for improper disposal. The court entered a criminal judgment imposing a $500 fine, but the court also purported to defer imposition of sentence and have Kuhn remove or relocate rubbish "to the City's satisfaction."

[¶4] In April 2014 Kuhn moved the district court for a restitution hearing, which was held in May 2014. After the hearing the court declined to modify the criminal judgment and entered an order denying her request for a written restitution order, stating no restitution had been ordered. Kuhn appealed. In *Kuhn I*, 2015 ND 75, ¶¶1, 24, 860 N.W.2d 460, we affirmed in part, concluding sufficient evidence supported Kuhn's conviction of the infraction, but reversed and remanded for the district court to clarify its sentence.

[¶5] On August 3, 2015, the district court held a hearing on remand. The court decided to defer imposition of the $500 fine for the infraction and to order restitution rather than restoration of the property. The court initially scheduled a restitution hearing for October 5, 2015, without objection, but ultimately held the restitution hearing on October 21, 2015. After the hearing, the court entered an order deferring imposition of a $500 fine for six months and requiring Kuhn pay restitution in the amount of $10,686.98.

II

[¶6] Kuhn argues the district court's order deferring imposition of sentence and imposing payment of restitution of $10,686.98 should be set aside.

[¶7] Section 12.1–32–02(1)[1], N.D.C.C., provides that "[e]very person convicted of

---

1. During oral argument Kuhn's counsel suggested for the first time that N.D.C.C. § 12.1–32–02 should not apply and that relevant Napoleon city ordinances regarding restitution are not in the record, despite having cited and relied on the relevant state statutes governing restitution in her brief. Kuhn made no argument regarding the ordinances and has not

an offense who is sentenced by the court must be sentenced *to one or a combination* of the following alternatives[.]" (Emphasis added.) Alternatives listed in N.D.C.C. § 12.1–32–02(1) include: "d. A fine," "e. Restitution for damages resulting from the commission of the offense," and "f. Restoration of damaged property or other appropriate work detail." The district court may order restitution as part of a criminal defendant's sentence after a hearing under N.D.C.C. § 12.1–32–08(1), which states in relevant part:

1. Before imposing restitution or reparation as a sentence or condition of probation, the court shall hold a hearing on the matter with notice to the prosecuting attorney and to the defendant as to the nature and amount of restitution. The court, when sentencing a person adjudged guilty of criminal activities that have resulted in pecuniary damages, in addition to any other sentence the court may impose, shall order that the defendant make restitution to the victim or other recipient as determined by the court, unless the court states on the record, based upon the criteria in this subsection, the reason it does not order restitution or orders only partial restitution.... In determining whether to order restitution, the court shall take into account:

a. The reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result

of the defendant's criminal action....

b. The ability of the defendant to restore the fruits of the criminal action or to pay monetary reparations, or to otherwise take action to restore the victim's property.

c. The likelihood that attaching a condition relating to restitution or reparation will serve a valid rehabilitational purpose in the case of the particular offender considered.

The court shall fix the amount of restitution or reparation, which may not exceed an amount the defendant can or will be able to pay, and shall fix the manner of performance of any condition or conditions of probation established pursuant to this subsection.... Any payments made pursuant to the order must be deducted from damages awarded in a civil action arising from the same incident. An order that a defendant make restitution or reparation as a sentence or condition of probation may, unless the court directs otherwise, be filed, transcribed, and enforced by the person entitled to the restitution or reparation or by the division of adult services in the same manner as civil judgments rendered by the courts of this state may be enforced.

 [¶ 8] When the district court imposes restitution as part of the defendant's sentence, the court must proceed with a restitution hearing under the statute. *See State v. Nelson*, 2015 ND 301, ¶ 5, 872 N.W.2d 613; *State v. Nordahl*,

---

explained how they would differ from state law. We generally decline to consider issues raised for the first time on appeal. *See, e.g., State v. McElya*, 2011 ND 137, ¶¶ 3–4, 799 N.W.2d 373; *Riemers v. City of Grand Forks*, 2006 ND 224, ¶ 9, 723 N.W.2d 518. Moreover, "state criminal laws are to have uniform

application throughout the state." *State, ex rel. Harris v. Lee*, 2010 ND 88, ¶ 12, 782 N.W.2d 626; *see also* N.D.C.C. § 12.1–01–05. We conclude Kuhn waived the issue, and we will apply state law, as argued by Kuhn in her brief.

2004 ND 106, ¶ 13, 680 N.W.2d 247. We have discussed both the court's discretion to award restitution and the State's burden of proof under N.D.C.C. § 12.1–32–08(1):

> [District] courts have a wide degree of discretion when determining restitution awards. In ordering restitution, the court shall consider: (1) the reasonable damages sustained by the victims, (2) the ability of the defendant to pay monetary reparations, and (3) the likelihood that attaching a condition relating to restitution will serve a valid rehabilitation purpose. The State has the burden to prove the amount of restitution by a preponderance of the evidence. Evidentiary imprecision on the amount of damages does not preclude recovery. When the quantity of damages awarded may be hard to prove, the amount of damages is to be left to the sound discretion of the finder of facts.

*State v. Gates*, 2015 ND 177, ¶ 7, 865 N.W.2d 816 (quotation marks and citations omitted). This Court's review of a restitution order is limited to whether the district court acted within the prescribed limits of the statute, similar to the abuse of discretion standard. *Id.* at ¶ 6. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Id.*

### A

[¶ 9] Kuhn initially contends, incorrectly, that in *Kuhn I* this Court upheld the district court's imposition of a maximum $500 fine and that no penalty was left to be deferred. She essentially argues the court impermissibly held a "second" restitution hearing on remand in October 2015, leading to the imposition of restitution of $10,686.98. Kuhn then raises purported deficiencies in the May 2014 restitution hearing, which was held before the first appeal in this case. She argues that: the City presented no evidence to establish the damages amount for restitution or whether Kuhn had an ability to pay restitution; the court refused to issue a written restitution order and claimed restitution had not been ordered; and the court failed to comply with N.D.C.C. § 12.1–32–02(6) because the court had not provided a written statement setting forth its reasons for imposing the particular sentence.

[¶ 10] Kuhn also argues there was no notice or evidence introduced at the May 2014 restitution hearing regarding the reasonable amount of restitution and evidence showed the City had received restitution in the form of services from her contractor. Kuhn therefore contends the court should not have ordered restitution in any form. Kuhn asserts the court should have imposed an "amended sentence" based only on evidence previously presented at trial and the May 2014 restitution hearing. Alternatively, Kuhn contends it was improper and an abuse of discretion for the district court to order restitution and then later "increase" the restitution without previously "reserving" the issue. *See State v. Kaseman*, 2008 ND 196, ¶ 11, 756 N.W.2d 923 (holding the district court abused its discretion when it ordered restitution and later increased restitution without reserving the issue). Kuhn contends the district court abused its discretion and violated her due process when it ordered the restitution hearing on remand.

[¶ 11] Generally, we have said that "[a]bsent specific instructions from this Court, a district court deciding an issue on remand must exercise its discretion when determining the procedure to follow." *Smestad v. Harris*, 2012 ND 166, ¶ 7, 820 N.W.2d 363.

> When this Court specifies a defect to be cured and remands for redetermination of an issue without specifying the

procedure to be followed, the trial court need only rectify the defect in a manner consistent with our opinion and conformable to law and justice. . . . Thus, when we reverse and remand for a trial court to address an issue . . . unless otherwise specified, the trial court may decide based on the evidence already before it or may take additional evidence. The decision on taking additional evidence will be reversed only if the trial court abused its discretion.

*Id.* (quoting *Livinggood v. Balsdon*, 2006 ND 215, ¶ 5, 722 N.W.2d 716). When we remanded this case in the first appeal, we reversed Kuhn's sentence and remanded, stating:

The district court entered a "criminal judgment" that also purports to defer imposition of Kuhn's sentence, but it is unclear what is being deferred since a sentence was actually imposed. Additionally, *while the court may properly impose a sentence to include "[r]estoration of damaged property,"* see N.D.C.C. § 12.1–32–02(1)(f); City of Napoleon ordinance § 13.0502(1)(f), the court's sentence in this case, ordering Kuhn to remove from the dump or relocate within the dump *unspecified rubbish "to the City's satisfaction,"* is vague and ambiguous and may represent an improper delegation of its sentencing authority.

*Kuhn I*, 2015 ND 75, ¶ 22, 860 N.W.2d 460 (emphasis added). In remanding the case, this Court instructed the district court to clarify its vague and ambiguous sentence because the sentence on its face had delegated to the City the decision regarding whether Kuhn's restoration of the dump would have been sufficient. We did not specify a procedure to be followed on remand, and the district court needed only to rectify the defect in a manner consistent with our opinion. We left it to the court's discretion whether to clarify its sentence

based on the evidence already before it or to take additional evidence.

[¶ 12] On remand, rather than again ordering restoration of the dump, the district court ordered restitution and set the matter for a hearing. During the August 2015 hearing, the district court appears to interpret this Court's opinion in *Kuhn I* as precluding the "restoration of property" sentencing alternative based on an improper delegation of judicial authority. At the October 2015 hearing, the district court states this Court had specifically sent the case back for a restitution hearing. While both of the district court's statements misread the actual language of our opinion, we do not believe the court abused its discretion by holding the October 2015 restitution hearing since we ultimately left it to the court's discretion whether to take additional evidence.

[¶ 13] Kuhn's reliance on *Kaseman*, 2008 ND 196, 756 N.W.2d 923, is also misplaced. While *Kaseman* involved a district court awarding and later increasing a restitution award without reserving the issue, this case, unlike *Kaseman*, involved an intervening appeal in which we reversed Kuhn's entire sentence and remanded for further proceedings. We did not limit the district court's discretion in devising a sentence or deferring imposition of sentence on remand. We, therefore, conclude the district court acted within its discretion in deciding to award restitution to the City—rather than again ordering Kuhn to restore the dump—and to hold a hearing on the City's expenses in removing the materials Kuhn was found to have illegally dumped.

B

[¶ 14] Kuhn argues the district court entered its restitution order despite undisputed evidence suggesting she did not have the ability to pay. She asserts the

only obligation she has to pay is the maximum $500 fine, which was imposed, and the order requiring restitution should be set aside because it was improper and not warranted by the facts, evidence, and applicable law.

[¶ 15] The City contends, however, the district court acted within its wide degree of discretion after Kuhn failed to remove the illegally dumped refuse herself, and the court ordered restitution in the amount of the cost of cleanup. The City asserts the amount is the financial damage caused by her criminal action, and when Kuhn failed to remove the debris from the dump after remand, the district court entered a restitution order requiring her to pay for the City's cost of the cleanup. Regarding Kuhn's ability to pay, the City asserts evidence shows she owns an interest in multiple rental homes that are not encumbered by any debt.

[¶ 16] Based on our review of the record, evidence supports the district court's findings in awarding restitution of $10,696.98. The City offered testimony and exhibits showing the City's efforts and expenses in removing and transporting the materials Kuhn had illegally dumped to another landfill. Although Kuhn argued the materials removed had been commingled with other items at the dump, the court specifically found such commingling was de minimis, would not have changed what the City had to pay to remove the items, and would not change the amount directly the result of criminal activity. Ad-ditionally, while Kuhn argues she does not have the ability to pay the ordered restitution, the district court concluded otherwise, based on her own testimony, finding she had unencumbered interests in multiple rental properties. The district court was not persuaded by Kuhn's testimony that those were her "retirement homes" to "take care of [her]."

[¶ 17] On the basis of our review of the record, we cannot conclude the district court acted in an arbitrary, unreasonable, or unconscionable manner; or that the court misinterpreted or misapplied the law. We therefore conclude the district court did not abuse its discretion in awarding restitution to the City in the amount of $10,696.98.

III

[¶ 18] We have considered Kuhn's remaining arguments and deem them to be without merit or unnecessary to our opinion. The district court order is affirmed.

[¶ 19] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM and DANIEL J. CROTHERS, JJ., concur.