Jensen, Justice.
 

 [¶ 1] Omar Kalmio appeals from the district court's judgment denying his application for post-conviction relief. We affirm in part, reverse in part, and remand the district court's judgment, concluding (1) the district court did not abuse its discretion in denying Kalmio's fifth and sixth motions to amend his application, (2) the district court did not err by denying Kalmio's claims related to ineffective assistance of trial counsel, and (3) the district court erred by finding Kalmio did not meet the first prong of the
 
 Strickland
 
 test relating to the representation of his appellate counsel during the direct appeal in his criminal proceedings.
 

 I
 

 [¶ 2] In 2013, Kalmio was convicted of four counts of class AA felony murder. On direct appeal, this Court affirmed the convictions in May 2014.
 
 State v. Kalmio
 
 ,
 
 2014 ND 101
 
 , ¶ 52,
 
 846 N.W.2d 752
 
 . In his direct appeal, Kalmio argued the district court abused its discretion by allowing hearsay and prior bad acts testimony and denying his motion for mistrial due to prosecutorial misconduct.
 
 Id.
 
 at ¶ 1. This Court concluded Kalmio waived the prior bad acts testimony issue on appeal and analyzed only the district court's admission of hearsay testimony.
 
 Id.
 
 at ¶ 13. This Court determined the district court did not abuse its discretion in admitting the witnesses' hearsay testimony.
 
 Id.
 
 at ¶ 38. Kalmio also argued the State engaged in prosecutorial misconduct by showing images on presentation slides "intended to stir passions
 of the jury."
 
 Id.
 
 at ¶ 44. Kalmio's counsel objected to the use of images depicting a gun and red circles resembling blood, which the district court sustained and directed the jury to disregard the images.
 
 Id.
 
 at ¶ 46. This Court concluded the district court did not violate Kalmio's due process rights because the two images were not sufficiently prejudicial and the jury is presumed to follow the district court's instructions.
 
 Id.
 
 at ¶ 47. This Court also concluded there was sufficient evidence to support the verdict and affirmed Kalmio's conviction.
 
 Id.
 
 at ¶ 51.
 

 [¶ 3] Kalmio applied for post-conviction relief in June 2014, arguing he received ineffective assistance of counsel, the district court abused its discretion, there was newly discovered evidence, and the State engaged in prosecutorial misconduct. In July 2014, the State moved for summary disposition, arguing Kalmio did not cite to any particular or substantive errors nor raise a genuine issue of material fact. In November 2014, Kalmio submitted an amended application relying on the dissent in
 
 Kalmio
 
 ,
 
 2014 ND 101
 
 , ¶¶ 55-86,
 
 846 N.W.2d 752
 
 (Kapsner, J., dissenting), to argue the district court erred in allowing hearsay testimony and testimony about Kalmio's prior bad acts at trial. Kalmio argued his claim regarding prior bad acts testimony allowed at trial was not barred by res judicata because Kalmio's appellate counsel waived the argument on appeal. He also argued his appellate counsel was ineffective because of the waiver of this argument. Kalmio amended his application for the second time in February 2015, adding new arguments relating to the presentation slides presented at trial. The State again moved for summary disposition, and it included an affidavit from Kalmio's appellate counsel providing an explanation for raising certain issues on appeal while leaving "factual issues open for any subsequent post-conviction petition."
 

 [¶ 4] In November 2015, Kalmio filed a third amendment to his application, claiming his trial counsel was ineffective for failure to move the district court for admission of disputed presentation slides for appellate review. The State again moved for summary disposition, which the district court granted in January 2016 as it related to the claims in the second and third amendments to Kalmio's application. The district court concluded Kalmio failed to show how preserving the presentation slides would have changed the result of the proceeding in light of this Court's opinion on direct appeal. The district court then determined the only issue remaining related to ineffective assistance of appellate counsel.
 

 [¶ 5] In January 2016, Kalmio amended his application for the fourth time, arguing his trial counsel rendered ineffective assistance of counsel by failing to file a notice of alibi defense, contact witnesses, construct a timeline to support his defense, and call Kalmio as a witness at trial. The State again moved for summary disposition of Kalmio's fourth amended application.
 

 [¶ 6] On July 7, 2016, the district court held an evidentiary hearing on Kalmio's application. Kalmio's appellate counsel testified at the evidentiary hearing about practicing law in North Dakota since 1974, with the majority of his practice involving criminal defense. Kalmio's appellate counsel testified he focused on issues relating to hearsay, Kalmio's alibi, prosecutorial misconduct, and insufficiency of the evidence in Kalmio's direct appeal. His appellate counsel noted this Court determined the issue of the prior bad acts testimony was waived on appeal. Kalmio's appellate counsel believed Kalmio had a better chance of success in a post-conviction relief action than through a direct appeal. Kalmio's
 appellate counsel thought the hearsay issues were the strongest argument on direct appeal. Kalmio's appellate counsel testified to treading "carefully to avoid creating a res judicata issue for Mr. Kalmio by arguing too strenuously or too strongly on certain points and leaving this open for post-conviction relief." Kalmio's trial counsel also testified at the July 2016 evidentiary hearing about his representation. The district court later denied the claims relating to Kalmio's appellate counsel, and it stated his "performance and his explanation of that performance was reasonable when measured against prevailing professional norms and fell within the wide range of reasonable professional assistance." The district court concluded Kalmio failed to meet his heavy burden on the first
 
 Strickland
 
 prong and he could not meet the prejudice prong of the test.
 

 [¶ 7] Shortly after the July 2016 hearing, the district court partially granted the State's motion for summary disposition, and it summarily dismissed Kalmio's claims that his trial counsel provided ineffective assistance of counsel because Kalmio did not testify at trial. The district court ordered an additional evidentiary hearing on the three remaining claims against his trial counsel.
 

 [¶ 8] In December 2016, Kalmio, acting on his own while represented by counsel, moved to amend his application for the fifth time. In January 2017, the district court denied Kalmio's motion for a fifth amendment and prohibited further amendments. The district court determined Kalmio's only remaining claim was of ineffective assistance of counsel against his trial counsel.
 

 [¶ 9] In August 2017, Kalmio, through counsel, moved to amend his application for the sixth time and added new or more detailed claims against his trial counsel. The district court summarily dismissed the sixth amendment because it previously prohibited further amendments to Kalmio's application. On October 6, 2017, the district court held an evidentiary hearing in which Kalmio withdrew his remaining claims against his trial counsel. In November 2017, the district court entered a final judgment denying Kalmio's application for post-conviction relief. Kalmio appeals.
 

 II
 

 [¶ 10] On appeal, Kalmio argues the district court erred by denying his application because the State committed prosecutorial misconduct by using and deleting inappropriate images at trial, his trial counsel was ineffective by failing to preserve evidence of the prosecutorial misconduct, his trial counsel ineffectively cross-examined the State's witnesses, his appellate counsel failed to raise arguable issues on appeal, and the district court erred by denying amendments to his application.
 

 [¶ 11] First, Kalmio argues the district court erred by denying the fifth and sixth amendments to his application for post-conviction relief. This Court has said:
 

 "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure."
 
 Garcia v. State
 
 ,
 
 2004 ND 81
 
 , ¶ 6,
 
 678 N.W.2d 568
 
 . Rule 15(a), N.D.R.Civ.P., provides, "a party's pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "A decision on a motion to amend a pleading under N.D.R.Civ.P. 15(a) is addressed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion."
 
 Sec. Nat'l Bank v. Wald
 
 ,
 
 536 N.W.2d 924
 
 , 928 (N.D. 1995). A motion to amend may be denied if the proponent has unnecessarily delayed.
 

 Crosby v. Sande
 
 ,
 
 180 N.W.2d 164
 
 , 171 (N.D. 1970). "Although not binding, federal court interpretations of a corresponding federal rule of civil procedure are highly persuasive in construing our rule."
 
 Thompson v. Peterson
 
 ,
 
 546 N.W.2d 856
 
 , 860 (N.D. 1996). As the United States Supreme Court noted in
 
 Foman v. Davis
 
 , undue delay may justify a denial of a motion to amend.
 
 371 U.S. 178
 
 , 182,
 
 83 S.Ct. 227
 
 ,
 
 9 L.Ed.2d 222
 
 (1962).
 

 Johnson v. State
 
 ,
 
 2006 ND 122
 
 , ¶ 7,
 
 714 N.W.2d 832
 
 . Section 29-32.1-07, N.D.C.C., provides, "The court may make appropriate orders allowing amendment of the application or any pleading or motion, allowing further pleadings or motions, or extending the time for filing any pleading."
 

 [¶ 12] The district court did not abuse its discretion by denying Kalmio's later amendments to his application for post-conviction relief. At various points in the proceeding, Kalmio submitted amendments and other motions on his own while represented by counsel. After October 2015, the district court prohibited Kalmio from filing anything himself while represented by counsel. In January 2017, the district court issued an order denying Kalmio's fifth amendment to his application and prohibiting any further amendments. In August 2017, Kalmio, through counsel, filed a sixth amendment to his application, which the district court summarily dismissed. Although the district court stated it "summarily dismissed" Kalmio's sixth amendment to his application, it effectively denied Kalmio's motion to amend his application based on its prior order prohibiting additional amendments. It is within the district court's sound discretion to deny further amendments to Kalmio's application. Therefore, the district court did not abuse its discretion by denying Kalmio's fifth and sixth amendments to his application for post-conviction relief.
 

 III
 

 [¶ 13] The majority of Kalmio's claims in his post-conviction relief application relate to ineffective assistance of trial and appellate counsel in the criminal proceeding. This Court has acknowledged:
 

 A person may apply for post-conviction relief on the ground that the conviction was obtained in violation of the United States Constitution. The Sixth Amendment guarantees that a person charged with a crime is entitled to effective assistance of counsel at critical stages of criminal proceedings. An applicant for post-conviction relief who claims ineffective assistance of counsel must demonstrate: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) he was prejudiced by his counsel's representation. A district court should dispose of an ineffective assistance of counsel claim without reaching the merits of the first prong if the applicant fails to establish prejudice.
 

 The standard of review for a claim of ineffective assistance of counsel in a post-conviction proceeding is well-established:
 

 Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal. Under N.D.R.Civ.P. 52(a), the district court's findings of fact will not be disturbed on appeal unless clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some
 evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made.
 

 Roe v. State
 
 ,
 
 2017 ND 65
 
 , ¶¶ 4-5,
 
 891 N.W.2d 745
 
 (citations and quotation marks omitted).
 

 A
 

 [¶ 14] In his application for post-conviction relief, Kalmio argued his trial counsel was ineffective for failing to call Kalmio as a witness at trial and failing to preserve evidence of the presentation slides. Kalmio withdrew his other claims related to his trial counsel. On appeal, Kalmio raises these and additional claims related to his trial counsel's representation. "Issues not adequately raised below will not be addressed on appeal."
 
 State v. Koble
 
 ,
 
 2000 ND 29
 
 , ¶ 5,
 
 606 N.W.2d 521
 
 .
 

 [¶ 15] Kalmio argued his trial counsel was ineffective because he failed to call Kalmio as a witness at trial. The district court did not allow Kalmio to pursue this claim, concluding it reviewed the trial transcript and found there was a sufficient colloquy between the court, counsel, and Kalmio about his decision not to testify. This Court has stated:
 

 A district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When reviewing an appeal from a summary denial of post-conviction relief, we review it as we would an appeal from summary judgment. The party opposing the motion is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.
 

 Leavitt v. State
 
 ,
 
 2017 ND 173
 
 , ¶ 4,
 
 898 N.W.2d 435
 
 (citations and quotation marks omitted). A district court may grant a motion for summary disposition "if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact." N.D.C.C. § 29-32.1-09(3). The district court did not err by reviewing the transcript and concluding there was no issue of material fact regarding the issue of Kalmio testifying at trial.
 

 [¶ 16] Kalmio also argued his trial counsel's representation was ineffective for the failure to preserve the presentation slides at trial. As noted by the district court and this Court in
 
 Kalmio
 
 , the State's use of the images on presentation slides during closing argument at trial was not sufficiently prejudicial to violate Kalmio's due process rights.
 
 2014 ND 101
 
 , ¶ 47,
 
 846 N.W.2d 752
 
 . Additionally, the jury was instructed to disregard the images and this Court assumes the jury follows such instructions.
 

 Id.
 

 The district court did not clearly err by finding Kalmio's trial counsel's representation was not ineffective for failure to preserve these images. The district court did not err by denying Kalmio's application for post-conviction relief on the basis of his trial counsel's effectiveness.
 

 B
 

 [¶ 17] Kalmio argues his appellate counsel was ineffective for failing to properly raise the issue of prior bad acts testimony on direct appeal. Kalmio's appellate counsel erroneously believed Kalmio would avoid a misuse of process issue in a postconviction relief action by waiving an issue to this Court on direct appeal.
 

 [¶ 18] For purposes of the Uniform Postconviction Procedure Act, this Court has assumed but not decided whether applicants may allege ineffective assistance of appellate counsel on the direct
 appeal in the criminal proceedings.
 
 White Bird v. State
 
 ,
 
 2016 ND 147
 
 , ¶ 4,
 
 882 N.W.2d 727
 
 . However, this Court has also acknowledged claims of ineffective assistance of appellate counsel who provided representation on the direct appeal in the criminal proceedings.
 
 See
 

 Patterson v. State
 
 ,
 
 2016 ND 212
 
 , ¶ 5,
 
 886 N.W.2d 684
 
 ;
 
 Baatz v. State
 
 ,
 
 2013 ND 172
 
 , ¶ 4,
 
 837 N.W.2d 387
 
 ;
 
 Gaede v. State
 
 ,
 
 2011 ND 162
 
 , ¶ 11,
 
 801 N.W.2d 707
 
 . Additionally, the United States Supreme Court has noted an ineffective assistance of counsel claim may be presented where counsel is guaranteed.
 
 Wainwright v. Torna
 
 ,
 
 455 U.S. 586
 
 , 587-88,
 
 102 S.Ct. 1300
 
 ,
 
 71 L.Ed.2d 475
 
 (1982). Although there is no constitutional right to counsel on appeal, criminal defendants are "entitled to have counsel provided at public expense to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right." N.D.R.Crim.P. 44(a) ;
 
 see
 

 State v. Causer
 
 ,
 
 2004 ND 75
 
 , ¶¶ 25-26,
 
 678 N.W.2d 552
 
 (concluding a defendant's constitutional right to counsel did not attach in an appellate proceeding where there was no federal or state constitutional right to appeal). Because criminal defendants are entitled to appellate counsel, we now conclude ineffective assistance of counsel in a postconviction relief action may include claims against appellate counsel who provided representation on the direct appeal in the criminal proceedings, and we apply the same two-prong
 
 Strickland
 
 test applied to trial counsel.
 
 See
 

 Moore v. State
 
 ,
 
 2013 ND 214
 
 , ¶ 5,
 
 839 N.W.2d 834
 
 (citing
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 , 687,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984) ). Although we conclude an applicant may allege ineffective assistance of direct appellate counsel in a criminal proceeding, we note district courts are required to dismiss an applicant's claims of ineffective assistance of post-conviction relief counsel in a Uniform Postconviction Procedure Act proceeding. N.D.C.C. § 29-32.1-09(2) ("The court, on its own motion, may dismiss any grounds of an application which allege ineffective assistance of postconviction counsel. An applicant may not claim constitutionally ineffective assistance of postconviction counsel in proceedings under this chapter.").
 

 [¶ 19] Section 29-32.1-12(2), N.D.C.C., provides that a court may deny postconviction relief for misuse of process, which occurs when the applicant "[p]resents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding." This Court has applied N.D.C.C. § 29-32.1-12(2) many times and clearly held that issues which could have been raised in a prior proceeding may be dismissed if raised in a subsequent post-conviction relief proceeding.
 
 Klose v. State
 
 ,
 
 2008 ND 143
 
 , ¶ 12,
 
 752 N.W.2d 192
 
 (noting ineffective assistance of counsel claims that could have been raised in a prior proceeding are barred by res judicata);
 
 Hughes v. State
 
 ,
 
 2002 ND 28
 
 , ¶¶ 11-13,
 
 639 N.W.2d 696
 
 (concluding the applicant did not raise the issue of prosecutorial misconduct and other matters in the district court or on direct appeal, and the district court did not err in summarily dismissing for misuse of process);
 
 Syvertson v. State
 
 ,
 
 2000 ND 185
 
 , ¶ 17,
 
 620 N.W.2d 362
 
 (determining the issues raised by the applicant would have been appropriate for review on direct appeal and the applicant did not provide a reason he did not raise those issues earlier);
 
 Murchison v. State
 
 ,
 
 1998 ND 96
 
 , ¶ 16,
 
 578 N.W.2d 514
 
 (determining misuse of process applied because the applicant did not provide a reason why he failed to raise a discovery issue in the direct appeal of his conviction).
 

 [¶ 20] The district court clearly erred by finding Kalmio did not meet the first prong of the
 
 Strickland
 
 test relating to his appellate counsel's representation during the direct appeal in the criminal proceedings. The United States Supreme Court has said, "[f]or judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy."
 
 Jones v. Barnes
 
 ,
 
 463 U.S. 745
 
 , 754,
 
 103 S.Ct. 3308
 
 ,
 
 77 L.Ed.2d 987
 
 (1983). Although choosing issues to raise on appeal involves professional judgment, purposefully waiving an argument on direct appeal in the criminal proceedings believing it would be better raised in a post-conviction relief action is incorrect. Kalmio's appellate counsel on the direct appeal in the criminal proceedings stated he did not raise the issue of prior bad acts testimony in order to preserve the issue for a post-conviction relief action. Kalmio's appellate counsel on the direct appeal in the criminal proceedings acknowledged this Court concluded the issue of prior bad acts evidence was waived on direct appeal. Also, Kalmio's appellate counsel on the direct appeal in the criminal proceedings expressed concern about arguing too strenuously on certain issues and wanting to leave factual issues open for a post-conviction relief action. The district court concluded it would not second-guess the strategy of Kalmio's appellate counsel for the direct appeal in the criminal proceedings and found his performance and explanation reasonable when measured against prevailing professional norms. Kalmio's appellate counsel on the direct appeal in the criminal proceedings created a misuse of process issue by failing to raise the issue on prior bad acts testimony on direct appeal. No objectively reasonable attorney would conclude he could avoid a misuse of process issue in a post-conviction relief action by avoiding arguing "too strenuously or too strongly on certain points." Therefore, the district court clearly erred in finding Kalmio did not meet his burden on the first
 
 Strickland
 
 prong.
 

 [¶ 21] Because the district court did not find Kalmio met his burden on the first prong of
 
 Strickland
 
 , it did not reach the issue of prejudice. To meet the burden on the prejudice prong, Kalmio must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."
 
 Strickland
 
 ,
 
 466 U.S. at 694
 
 ,
 
 104 S.Ct. 2052
 
 . To meet the prejudice prong, Kalmio must show there is a reasonable probability his appellate counsel's errors changed the result of the direct appeal. We reverse the district court's judgment finding Kalmio did not meet his burden on the first prong of
 
 Strickland
 
 , and we remand for findings on whether the representation of Kalmio's appellate counsel during the direct appeal in the criminal proceedings prejudiced Kalmio's direct appeal.
 

 IV
 

 [¶ 22] We have considered Kalmio's other issues and find them unnecessary to our decision or without merit. We affirm in part, reverse in part, and remand the district court's judgment.
 

 [¶ 23] Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.