# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 126

Randy Jensen, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20180280

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Caitlyn A. Pierson, Minot, ND, for petitioner and appellant.

Andrew C. Eyre, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee.

**Jensen v. State**

**No. 20180280**

**McEvers, Justice.**

[¶1]    Randy Jensen appeals from a district court order denying and dismissing his application for post-conviction relief.  We affirm the district court's order concluding the district court did not abuse its discretion in denying Jensen's application for post-conviction relief.  We decline to address Jensen's remaining issues, as they were not adequately raised in the district court.

I

[¶2]    In June 2016, Jensen resolved three criminal cases by pleading guilty to several charges pursuant to a plea agreement under N.D.R.Crim.P. 11(c), and several charges were dismissed.  In July 2016, Jensen appealed the criminal judgments and was assigned court-appointed counsel.  In September 2016, Jensen's court-appointed counsel filed a stipulation to withdraw and dismiss the appeals, signed by Jensen and his court-appointed counsel.

[¶3]    In October 2016, Jensen, through counsel, filed a motion for reduction of sentence under N.D.R.Crim.P. 35(b) in each case.  The district court denied his motions.  In November 2016, Jensen filed a pro se motion to withdraw his guilty plea in each case.  The court denied his motions.  In December 2016, Jensen filed an amended motion in each case to withdraw his guilty pleas under N.D.R.Crim.P. 11(d). In February 2017, the court denied his motions following a hearing.  In April 2017, Jensen, pro se, filed a motion for credit for time served.  The court denied his motion. After the court issued its order denying his motion, court-appointed counsel requested and was granted a hearing to address Jensen's motion for credit for time served. Following that hearing, the court again denied his motion for credit for time served.

[¶4]    In March 2018, Jensen, pro se, applied for post-conviction relief alleging ineffective assistance of counsel as his only ground for relief.  The State replied and

moved to dismiss his application based on res judicata and misuse of process. In his reply to the State's motion, Jensen elaborated on his assertion that he received ineffective assistance of counsel by stating his attorney filed the Rule 35(b) motion without his consent and failed to communicate with him regarding possibly exculpatory CD evidence during the course of the Rule 11(d) motion to withdraw his plea proceedings. In May 2018, the district court issued an order granting the State's motion to dismiss the application with respect to the issue of the CD evidence finding that claim was barred by res judicata and was a misuse of process, but denying the State's motion to dismiss the application with respect to Jensen's claim of ineffective assistance of counsel as it related to Jensen's attorney during prior "post-conviction proceedings," as that issue had not previously been litigated. The State again moved to dismiss Jensen's claim for ineffective assistance of counsel as it related to Jensen's attorney on the Rule 35(b) and Rule 11(d) motions, arguing the claim was prohibited by N.D.C.C. § 29-32.1-09(2), which bars claims of constitutionally ineffective assistance of post-conviction counsel in proceedings under N.D.C.C. ch. 29-32.1. Jensen responded through counsel, requesting an evidentiary hearing on the post-conviction claim for ineffective assistance of counsel. In June 2018, the court issued an order granting the State's motion to dismiss Jensen's application for post-conviction relief, in its entirety. The court found Jensen's claim for ineffective assistance of counsel was barred by N.D.C.C. § 29-32.1-09(2) as the attorney was Jensen's post-conviction counsel. In its order dated June 22, 2018, the court requested the presiding judge of the Northeast Central Judicial District consider issuing an order restricting Jensen's future filings under N.D. Sup. Ct. Admin. R. 58 as a vexatious litigant.

[¶5] On June 26, 2018, Jensen was served with a proposed pre-filing order as required by N.D. Sup. Ct. Admin. R. 58. On July 10, 2018, Jensen responded in writing to the district court's proposed pre-filing order stating, "I do not agree" as his only basis for objecting. On July 11, 2018, the presiding judge issued a N.D. Sup. Ct. Admin. R. 58 pre-filing order finding Jensen a vexatious litigant.

[¶6]     On appeal, Jensen argues the district court (1) erred in denying his application for post-conviction relief under N.D.C.C. § 29-32.1-09 without a hearing because his claim of ineffective assistance of counsel concerned his counsel's mistakes relating to filing Rule 35(b) and Rule 11(d) motions, both of which fall under the North Dakota Rules of Criminal Procedure, not the Uniform Postconviction Procedure Act, and (2) abused its discretion in considering prior criminal filings when issuing the vexatious litigant pre-filing order under N.D. Sup. Ct. Admin. R. 58, and Rule 58 as applied to him is overly broad.

II

[¶7]     "A district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Lehman v. State*, 2014 ND 103, ¶ 4, 847 N.W.2d 119. "Questions of law are fully reviewable on appeal of a post-conviction proceeding." *Id*. This Court reviews an appeal from a summary denial of post-conviction relief as it would review an appeal from a summary judgment. *Stein v. State*, 2018 ND 264, ¶ 5, 920 N.W.2d 477. A party opposing a motion for summary dismissal is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Kalmio v. State*, 2018 ND 182, ¶ 15, 915 N.W.2d 655.

III

[¶8]     The district court's order denied Jensen's post-conviction ineffective assistance of counsel claim, as a matter of law, stating: "[b]ecause Jensen's Application for postconviction relief alleges ineffective assistance of postconviction counsel, Jensen's Application is an impermissible request for postconviction relief pursuant to N.D.C.C. § 29-32.1-09(2)." Jensen argues his claim of ineffective assistance of counsel relates to his attorney's representation when initiating the Rule 35(b) and Rule 11(d) motions which, filed in his criminal cases, fall under the North Dakota Rules of Criminal

3

Procedure and are not "proceedings under this chapter" as contemplated by N.D.C.C. § 29-32.1-09(2); therefore, the attorney was not "post-conviction" counsel. He argues "proceedings under this chapter" refers only to proceedings arising under the Uniform Postconviction Procedure Act, ch. 29-32.1, N.D.C.C.

[¶9] We have previously held "district courts are required to dismiss an applicant's claims of ineffective assistance of post-conviction relief counsel in a Uniform Postconviction Procedure Act proceeding." *Kalmio*, 2018 ND 182, ¶ 18, 915 N.W.2d 655 (citing N.D.C.C. § 29-32.1-09(2)). Section 29-32.1-09(2), N.D.C.C., states:

> The court, on its own motion, may dismiss any grounds of an application which allege ineffective assistance of postconviction counsel. An applicant may not claim constitutionally ineffective assistance of postconviction counsel in proceedings under this chapter.

*See Lehman v. State*, 2014 ND 103, ¶ 15, 847 N.W.2d 119 (citing *Coleman v. Thompson*, 111 S. Ct. 2546, 2566 (1991) (stating "There is no constitutional right to an attorney in state post-conviction proceedings.")).

[¶10] We evaluate claims of ineffective assistance of counsel under the *Strickland v. Washington,* 104 S.Ct. 2052 (1984) framework. *Moore v. State*, 2013 ND 214, ¶ 5, 839 N.W.2d 834. The *Strickland* analysis requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 104 S.Ct. at 2064. This Court has recognized a criminal defendant is guaranteed the right to counsel under the Sixth Amendment of the United States Constitution and Article I, Section 12 of the North Dakota Constitution. *State v. Yost*, 2014 ND 209, ¶ 10, 855 N.W.2d 829. This fundamental right applies during all critical stages of the prosecution. *Id*. Although a defendant has no constitutional right to counsel on appeal, we have concluded that post-conviction claims for ineffective assistance of counsel may be brought against direct appellate counsel. *Kalmio*, 2018 ND 182, ¶ 18, 915 N.W.2d 655. The extension of the right to assert a post-conviction claim alleging ineffective assistance of counsel against appellate counsel on direct appeal is based on rights provided through N.D.R.Crim.P. 44(a), which provides the defendant, in a felony case, the right

4

to counsel at public expense "at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right." *Kalmio*, at ¶ 18.

## A. Rule 11(d) Motion

[¶11]   In response to Jensen's argument that his attorney was not post-conviction counsel, the State argues this Court has previously treated a motion under N.D.R.Crim.P. 11(d) to withdraw a guilty plea as an application for post-conviction relief. *State v. Gress*, 2011 ND 233, ¶ 6, 807 N.W.2d 567. In *Gress*, the defendant moved to withdraw his guilty plea and he did not title his motion as an application for post-conviction relief, but had previously filed an application for post-conviction relief relating to the underlying criminal case. *Id.* at ¶ 6. This Court treated the motion to withdraw the guilty plea as a second application for post-conviction relief. *Id*. Unlike *Gress*, Jensen had not filed a previous application for post-conviction relief. Assuming without deciding Jensen's attorney was not acting under N.D.C.C. ch. 29-32.1, by filing the Rule 11(d) motion, Jensen must still show he had a fundamental right to counsel that was violated.

[¶12]   The question here is whether Jensen's Rule 11(d) motion is either a "critical stage" of the prosecution, entitling him to the constitutional guarantee of counsel or a "stage of the proceeding" recognized under N.D.R.Crim.P. 44(a). *Yost*, 2014 ND 209, ¶ 10, 855 N.W.2d 829; *Kalmio*, 2018 ND 182, ¶ 18, 915 N.W.2d 655. Jensen cites *Kalmio* for its holding that "ineffective assistance of counsel in a post conviction relief action may include claims against appellate counsel who provided representation on the direct appeal in the criminal proceedings." *Kalmio*, at ¶ 18. Jensen's reliance on *Kalmio* is misplaced. Jensen's Rule 11(d) motion is clearly not a direct appeal of the criminal judgment, since his direct appeal was dismissed with his consent. In addition, his guilty plea was not conditioned on reserving any issues for appeal. *See State v. Trevino*, 2011 ND 232, ¶¶ 6-8, 807 N.W.2d 211 ("Generally, a defendant who voluntarily pleads guilty 'waives the right to challenge non-

jurisdictional defects and may only attack the voluntary and intelligent character of the plea.'").

[¶13] Some jurisdictions note a motion to withdraw a guilty plea made *before* entry of the final judgment of conviction and sentence is a critical stage of the criminal proceedings to which the right to counsel attaches. *Commonwealth v. Tigue*, 459 S.W.3d 372, 384 (Ky. 2015). This would be consistent with the right to counsel under N.D.R.Crim.P. 44(a). Other jurisdictions hold the constitutional right to counsel does not attach to a defendant's motion to withdraw a guilty plea brought after a criminal judgment is entered. *State v. Winston*, 19 P.3d 495, 498 (Wash. Ct. App. 2001) (relying on *Pennsylvania v. Finley*, 107 S.Ct. 1990 (1987), declining to find defendant was entitled to counsel in motion to withdraw guilty plea brought "months" after judgment, stating "[t]he preliminary question . . . is whether the hearing addresses an application for postconviction relief other than the first direct appeal of right. If it does, there is no constitutional right to counsel"); *State v. Garner*, 36 P.3d 346, 355-56 (Mont. 2001) (holding defendant's motion to withdraw his guilty plea was not a critical stage of the proceedings because his motion was filed almost four years after his guilty plea and almost three years after he filed his petition for post-conviction relief); *State v. Hartshorn*, 235 P.3d 404, 408 (Idaho Ct. App. 2010) (post-judgment hearing on a motion to withdraw guilty plea held not a critical stage of proceedings).

[¶14] We decline to extend our rule governing the right to counsel beyond appellate counsel on direct appeal of the criminal judgment. We hold that in this case Jensen's Rule 11(d) motion, filed five months after the entry of the criminal judgment and four months after a direct appeal was dismissed by stipulation, was not a critical stage of the proceedings affording him the constitutional guarantee to the right to counsel, nor was he entitled to counsel under N.D.R.Crim.P. 44(a) or our jurisprudence. Therefore, even if the district court did err in finding N.D.C.C. § 29-32.1-09(2) barred Jensen's ineffective assistance of counsel claim relating to his Rule 11(d) motion, we will not reverse the district court if it is right, for the wrong reason. *See Myers v. State*, 2017 ND 66, ¶ 10, 891 N.W.2d 724 ("We will not set aside a district court's

6

decision simply because the court applied an incorrect reason, if the result is the same under the correct law and reasoning.").

## B. Rule 35(b) Motion

[¶15]  "A motion for reduction of a sentence under N.D.R.Crim.P. 35(b) is not a matter of right, but is an application for leniency which is left within the sound discretion of the trial court." *Rahn v. State*, 2007 ND 121, ¶ 8, 736 N.W.2d 488. "Accordingly, an order denying a motion for reduction of sentence under N.D.R.Crim.P. 35(b) does not affect a substantial right and is not appealable." *Id.* Other jurisdictions construing the federal counterpart to Rule 35(b) have found no constitutional right to counsel applies to the process in seeking a reduction of sentence. *U.S. v. Hamid*, 461 A.2d 1043, 1044 (D.C. Ct. App. 1983) (holding that the Sixth Amendment right to effective assistance of counsel does not apply to the process in seeking a reduction of sentence under Rule 35, therefore defendant could not be deprived of effective assistance of counsel in the filing of his Rule 35 motion); *see also* 6 Wayne R. LaFave et al., *Criminal Procedure* § 26.4(e), at 984 (4th ed. 2015) ("Post-trial proceedings to reduce a sentence . . . are not a 'critical stage' of the 'criminal prosecution' triggering the sixth amendment right to counsel."); *Silano v. U.S.*, 621 F.Supp. 1103, 1105 (E.D. N.Y. 1985) ("Where review is discretionary no Sixth Amendment right to counsel attaches.") (citing *Wainwright v. Torna*, 102 S.Ct. 1300 (1982)).

[¶16]  We agree with the cases cited above, and hold that a Rule 35(b) motion for reduction of sentence is not a critical stage of the criminal proceedings entitling the movant to the Sixth Amendment right to counsel.  A Rule 35(b) motion is also not a stage of the proceeding requiring counsel under N.D.R.Crim.P. 44(a).  Accordingly, Jensen cannot claim he received ineffective assistance of counsel relating to a matter to which he was not guaranteed effective assistance of counsel.  The district court did not err in finding Jensen's ineffective assistance of counsel claim was barred.

[¶17] Jensen argues the district court abused its discretion in considering filings made in his criminal cases when deciding to issue the pre-filing order under N.D. Sup. Ct. Admin. R. 58, classifying him as a vexatious litigant. The only argument Jensen made to the district court after receiving the proposed pre-filing order was "I do not agree." Jensen's argument is made for the first time on appeal. We have often stated, "issues which are not raised before the district court, including constitutional issues, will not be considered for the first time on appeal." *State v. Gray*, 2017 ND 108, ¶ 13, 893 N.W.2d 484. We decline to address Jensen's argument on appeal which were not raised in the district court.

V

[¶18] We affirm the district court order denying and dismissing Jensen's application for post-conviction relief.

[¶19]   Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Gerald W. VandeWalle, C.J.