# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 223

Omar Mohamed Kalmio,                                                    Petitioner and Appellant

v.

State of North Dakota,                                                      Respondent and Appellee

No. 20190051

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Omar M. Kalmio, self-represented, Bismarck, N.D., petitioner and appellant; on brief.

Rozanna C. Larson, State's Attorney, and Kelly A. Dillon, Deputy State's Attorney, Minot, N.D., for respondent and appellee; on brief.

**Tufte, Justice.**

[¶1]   Omar Kalmio appeals after the district court entered a judgment on remand again denying his post-conviction relief application. We conclude the district court on remand did not clearly err in finding Kalmio failed to show he was prejudiced in his direct appeal when his appellate counsel did not brief the issue of the admissibility of prior bad acts testimony. We further conclude the court did not err in denying him an additional evidentiary hearing on remand. We affirm.

I

[¶2]   This appeal follows our remand in *Kalmio v. State*, 2018 ND 182, 915 N.W.2d 655. The factual and procedural background of this case is detailed in that opinion and in the direct appeal, *State v. Kalmio*, 2014 ND 101, 846 N.W.2d 752, and we need not repeat it here except to the extent necessary for an understanding of the arguments in this appeal.

[¶3]   In 2013, a jury found Kalmio guilty of four counts of class AA felony murder. In *Kalmio*, 2014 ND 101, ¶¶ 1, 52, 846 N.W.2d 752, a majority of this Court affirmed the convictions. In 2014, Kalmio applied for post-conviction relief, raising multiple grounds, including ineffective assistance of counsel. After evidentiary hearings, the district court entered a final judgment denying his application in 2017. Kalmio appealed. In *Kalmio*, 2018 ND 182, ¶¶ 1, 22, 915 N.W.2d 655, this Court affirmed in part, reversed in part, and remanded to the district court for additional findings on whether the representation of Kalmio's appellate counsel during the direct appeal in the criminal proceedings prejudiced his direct appeal.

[¶4]   On December 19, 2018, the district court entered its order on remand, again denying his post-conviction application. In its order, the court found Kalmio failed to meet his burden to show he was prejudiced by his appellate counsel's unprofessional

errors. The court also denied Kalmio's request for an evidentiary hearing on remand. A judgment on remand was entered on December 21, 2018.

[¶5] On January 31, 2019, the district court also entered an order denying Kalmio's December 26, 2018, amended post-conviction application. Kalmio filed his notice of appeal on February 13, 2019, appealing only from the district court's December 19, 2018, order on remand. We treat Kalmio's attempted appeal from the court's order as an appeal from the subsequent judgment on remand entered on December 21, 2018. *See Broadwell v. State*, 2014 ND 6, ¶ 4, 841 N.W.2d 750 (citation omitted) ("An attempted appeal from an order for judgment will be treated as an appeal from a subsequently entered consistent judgment, if one exists.").

II

[¶6] Kalmio argues the district court erred in ruling he failed to show he was prejudiced in his direct appeal by his appellate counsel's failure to brief the issue of admissibility of prior bad acts testimony and failure to study the record.

[¶7] We have explained our standard of review for an ineffective assistance of counsel claim in a post-conviction proceeding:

> Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal. Under N.D.R.Civ.P. 52(a), the district court's findings of fact will not be disturbed on appeal unless clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made.

*Kalmio*, 2018 ND 182, ¶ 13, 915 N.W.2d 655 (quoting *Roe v. State*, 2017 ND 65, ¶ 5, 891 N.W.2d 745 (citations and quotation marks omitted)). The issue we remanded for the district court to address was limited.

[¶8] In *Kalmio*, 2018 ND 182, ¶ 21, 915 N.W.2d 655, this Court reversed the district court's judgment finding Kalmio did not meet his burden on the first prong of *Strickland,* and we remanded "for findings" on whether the representation of

2

Kalmio's appellate counsel during the direct appeal in the criminal proceedings prejudiced his direct appeal. Our remand was limited, as we explained, "To meet the burden on the prejudice prong, Kalmio must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "To meet the prejudice prong, Kalmio must show there is a reasonable probability his appellate counsel's errors changed the result of the direct appeal." *Id.*

[¶9]   At issue on remand was Kalmio's appellate counsel's failure in his direct appeal to brief the district court's admission of prior bad acts evidence at trial. Generally, the district court applies a three-step analysis to decide if evidence of other crimes or bad acts is admissible:

> 1) the court must look to the purpose for which the evidence is introduced; 2) the evidence of the prior act or acts must be substantially reliable or clear and convincing; and 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant's guilt or innocence independently on the evidence presented, without consideration of the evidence of the prior acts.

*State v. Shaw*, 2016 ND 171, ¶ 8, 883 N.W.2d 889. "[T]he third step is satisfied with a cautionary jury instruction about the admissibility of the evidence and its use for a limited purpose." *Id.* If the court concludes the three-part test has been satisfied, the evidence of other crimes or bad acts may still be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." *Id.* at ¶ 9 (quoting N.D.R.Ev. 403(a)). "[T]he court must balance the probative value of the evidence against its prejudicial effect in determining whether to admit evidence of a defendant's past crimes." *Id.* (citation and quotation marks omitted).

[¶10]   Before trial, the district court in a detailed December 2012 order had addressed the State's notice of its intent to introduce testimony about prior bad acts and made preliminary rulings allowing various witnesses to testify, subject to objection at trial. In his subsequent direct appeal, "[a]lthough Kalmio argued in the district court that

the evidence was inadmissible hearsay and prior bad act evidence, he limit[ed] his argument on appeal to hearsay grounds." *Kalmio*, 2014 ND 101, ¶ 13, 846 N.W.2d 752. We, therefore, only examined in his direct appeal "whether the district court abused its discretion in allowing hearsay testimony and in performing its relevancy analysis." *Id.*

## III

[¶11]  Kalmio argues in this appeal that the sole reason for the witnesses' testimony to prior bad acts was to prejudice him and to tempt the jury to return a guilty verdict based on the prior bad acts testimony, rather than on any competent evidence presented at trial. He contends that there was no physical evidence or witnesses to testify he committed the crimes of murder and that all of the testifying witnesses the judge allowed prejudiced him. He claims his appellate counsel's deficient performance caused him to lose any relief that he could have won on direct appeal.

[¶12]  While this Court previously decided his appellate counsel's performance in the direct appeal was deficient by failing to brief the prior bad acts issue, Kalmio broadly asserts that "cumulative errors" of his appellate counsel were "deliberate and extremely" prejudicial. He argues that his appellate counsel's testimony at the July 2016 post-conviction hearing revealed that both his appellate counsel and the prosecutor were attempting to minimize the "damage" by downplaying the "cumulative errors" regarding the prior bad acts testimony at trial. Rather than only two witnesses testifying at trial about prior bad acts, he claims that eleven witnesses testified about prior bad acts and at least ten testified about assaults that were irrelevant.

[¶13]  Kalmio argues that the district court erroneously construed our decision in *Kalmio*, 2014 ND 101, 846 N.W.2d 752, to conclude the court did not abuse its discretion in allowing testimony of eight of the witnesses and erred in limiting its analysis on remand to the remaining three witnesses—Kenzie Goodhouse, Natasha Hunts Along, and Laura Giberson. He claims the court erred because our prior

4

decision had not addressed any of the prior bad acts testimony. He further contends the jury was "so enamored" with the prior bad acts evidence that it was misled to ignore the State's overwhelming lack of credible evidence against him that would suggest he was involved in the murders. He argues "the jury would have been very reluctant" to return a guilty verdict without admission of the prior bad acts testimony.

[¶14] The State argues, however, that the district court's findings on remand were not clearly erroneous. The State notes that although appellate counsel in the direct appeal raised the issue of admissibility of prior bad acts testimony on appeal but did not brief the issue, the State briefed the issue in the direct appeal. The State asserts that this Court sufficiently addressed the "prior bad acts" testimony of the other witnesses in the 2014 direct appeal and that the district court did not err on remand by focusing its analysis on the trial testimony of Kenzie Goodhouse and Natasha Hunts Along. The State contends that although the district court also analyzed Laura Giberson's testimony, Kalmio raised an issue with her testimony for the first time on remand, which was beyond the scope of our mandate and a misuse of process. The State argues the district court properly applied N.D.R.Ev. 404(b) and 403 in its analysis and its findings on each witness who gave testimony regarding prior bad acts are not clearly erroneous.

[¶15] Here, the district court on remand found Kalmio failed to meet his burden to show he was prejudiced by his appellate counsel's unprofessional errors. The court essentially found his appellate counsel's errors would not have changed the result of his direct appeal because the court had properly considered N.D.R.Ev. 404(b) and 403. The court found this Court already concluded the court did not abuse its discretion by admitting the testimony of eight of the witnesses and specifically addressed the trial testimony of Kenzie Goodhouse, Natasha Hunts Along, and Laura Giberson.

[¶16] The district court held it did not err in applying the three-step test to decide the testimony was admissible under N.D.R.Ev. 404(b) and 403, and further, this Court held ample evidence at trial supported his conviction. On the basis of its analysis, the

5

district court found that if the prior bad acts issue had been argued on direct appeal, "there would *not* be a reasonable probability that, but for his appellate counsel's failure to argue the point, the result of the appeal would have been [different.]"

[¶17]  This appeal is unique in that Kalmio seeks to have us answer whether our decision in his 2014 direct appeal would have been different after further consideration of the district court's application of N.D.R.Ev. 404(b) and 403. A majority of this Court concluded the district court did not abuse its discretion in admitting most of the witnesses' testimony, without analysis of the prior bad acts issue. The district court had conducted an analysis under N.D.R.Ev. 404(b) for each of the witnesses in its December 20, 2012, order on the State's notice of intent to introduce prior bad acts, and provided further analysis in its December 19, 2018, order on remand.

[¶18]  On this record, we conclude the district court on remand made sufficient findings for us to understand its decision to allow the prior bad acts testimony. We further hold the district court did not clearly err in finding Kalmio failed to establish he was prejudiced in his direct appeal. Rather than specify how the court misapplied N.D.R.Ev. 404(b) with respect to each of the witnesses, Kalmio merely offers conclusory assertions that all of the prior bad acts testimony was prejudicial and erroneously admitted into evidence. Kalmio's blanket assertions do not create a reasonable probability of a different result in the direct appeal, *i.e.*, a probability sufficient to undermine confidence in the outcome.

[¶19]  We therefore conclude the district court's findings on remand are not clearly erroneous that Kalmio failed to establish prejudice showing a reasonable probability his appellate counsel's errors changed the result of his direct appeal.

IV

[¶20]  Kalmio argues the district court erred in denying an evidentiary hearing on remand. While Kalmio argues this Court remanded this case for him to establish the

6

prejudice prong, this Court's opinion states that it remanded for the district court to make findings on the prong. *See Kalmio*, 2018 ND 182, ¶ 21, 915 N.W.2d 655.

[¶21] "[A]bsent specific instructions from this Court, a district court deciding an issue on remand must exercise its discretion when determining the procedure to follow." *City of Napoleon v. Kuhn*, 2016 ND 150, ¶ 11, 882 N.W.2d 301 (quoting *Smestad v. Harris*, 2012 ND 166, ¶ 7, 820 N.W.2d 363).

> When this Court specifies a defect to be cured and remands for redetermination of an issue without specifying the procedure to be followed, the trial court need only rectify the defect in a manner consistent with our opinion and conformable to law and justice. . . . Thus, when we reverse and remand for a trial court to address an issue . . . unless otherwise specified, the trial court may decide based on the evidence already before it or may take additional evidence. The decision on taking additional evidence will be reversed only if the trial court abused its discretion.

*City of Napoleon*, at ¶ 11 (quoting *Smestad*, at ¶ 7).

[¶22] In denying Kalmio's request for an evidentiary hearing on remand, the district court noted the issue before the court was limited to the issue of *Strickland's* prejudice prong. The court also noted he had submitted briefs to the court on the issue. The court, however, found an evidentiary hearing was unnecessary and unwarranted because the issue of prejudice "must necessarily be based on actions, orders, and evidence taken, issued and offered around the time of the trial and the appeal, all of which are of record." Notably, the district court had also held three evidentiary hearings on Kalmio's post-conviction relief application. "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *City of Napoleon*, 2016 ND 150, ¶ 8, 882 N.W.2d 301. In denying his request for another hearing, the court stated its reasons, conducted its detailed review on the record of the proceedings, and did not act arbitrarily or capriciously.

[¶23] Because our remand was only for the limited purpose of making findings to address *Strickland's* prejudice prong, the district court did not abuse its discretion on

7

remand by making those findings on the state of the existing record without holding another evidentiary hearing on Kalmio's post-conviction relief application.

V

[¶24]   The judgment on remand is affirmed.

[¶25]   Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen
Lisa Fair McEvers
Gerald W. VandeWalle, C.J.